UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISON

| | | |
|---|---|---|
| **CHRISTIAN HILL,** | § | |
| *Plaintiff*, | § | **CIVIL ACTION NO. 24-626** |
| | § | |
| **VERSUS** | § | |
| | § | **JUDGE JERRY EDWARDS JR.** |
| **SPICY DAUGX OPERATORS** | § | |
| **LOUISIANA, LLC;** | § | |
| **BNR PRODUCTION PARTNERS, LLC;** | § | **MAGISTRATE JUDGE MARK L.** |
| **XYZ INSURANCE CO.** | § | **HORNSBY** |
| *Defendants*. | § | |

**DEFENDANTS SPICY DAUGX OPERATORS LOUISIANA, LLC AND
BNR PRODUCTION PARTNERS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW INTO COURT, through undersigned counsel, come **DEFENDANTS SPICY DAUGX OPERATORS LOUISIANA, LLC (**"Spicy Daugx") and **BNR PRODUCTION PARTNERS, LLC** ("BNR") (collectively "Defendants"), who respectfully file their Answer to the Complaint (the "Complaint") filed by Plaintiff Christian Hill ("Hill" or "Plaintiff"). In support thereof, Defendants state the following:

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the Complaint.

### I. INTRODUCTION

1. Defendants deny the allegation in Paragraph 1 that Plaintiff worked at Spicy Daugx Operators Louisiana, LLC.

2. Defendants admit that Plaintiff is a Black man and his age at the time of employment. Defendants deny the other allegation in Paragraph 2.

3. Defendants admit that Plaintiff's immediate supervisor was a white man. Defendants deny

other allegations in Paragraph 3.

4. Defendants are without knowledge of Plaintiff's injury and deny the allegations in Paragraph 4 due to lack of information sufficient to form a firm belief in the accuracy of those allegations.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants admit the allegation in Paragraph 9.

10. To the extent this paragraph calls for a legal conclusion, Paragraph 10 does not require an admission or denial. Defendants deny all other allegations in Paragraph 10.

## II. JURISDICTION AND VENUE

11. Defendants admit to jurisdiction in Paragraph 11.

12. Defendants admit to venue in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

## III. PARTIES

14. Defendants admit that Plaintiff is a person of the full age of majority. Defendants are without knowledge and can neither admit nor deny the location of Plaintiff's residence due to lack of information sufficient to form a firm belief in the accuracy of those allegations. Defendants deny the last sentence of Paragraph 14.

15. Defendants admit that Spicy Daugx is a Louisiana licensed Limited Liability Company, Charter No. 42412715K. Its principal place of business and headquarters are in Belcher, LA. Defendants deny the last sentence of Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

### IV. FACTS

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants admit that Jacob Stevens is white. Defendants are without knowledge and can neither admit nor deny what Plaintiff may or may not have heard due to lack of information sufficient to form a firm belief in the accuracy of those allegations.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants admit the age of both Plaintiff and Mr. Stevens at the time stated.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants are without knowledge and can neither admit nor deny whether Plaintiff owned a vehicle or his method of transportation to work due to lack of information sufficient to form a firm belief in the accuracy of those allegations.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants are without knowledge of Plaintiff's injury to his shoulder. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants admit only that Plaintiff came to the main office. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants admit that Plaintiff came to the job site. Defendants can neither admit nor deny Plaintiff's motivation for doing so. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admit that Plaintiff came to the job site. Defendants can neither admit nor deny who Plaintiff saw. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants admit that Plaintiff accused Mr. Blizzard of marijuana use. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants admit that Plaintiff was not wearing a shirt. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants admit the allegations in Paragraph 55.

56. Defendants admit the allegations in Paragraph 56.

57. Defendants admit the allegations in Paragraph 57.

58. Defendants admit the allegations in Paragraph 58.

59. Defendants admit the allegations in Paragraph 59.

60. Defendants admit that Spicy Daugx did not give Plaintiff termination paperwork. Defendants deny the remaining allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in  Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Paragraph 67 contains a recitation of the law and does not require admission or denial from Defendant.

68. Paragraph 68 contains a legal conclusion and does not require admission or denial from Defendant.  To the extent that an answer is required, Defendants deny the allegation.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants admit the allegation in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants admit the allegation in Paragraph 74.

## V. CAUSES OF ACTION

### Count 1: Violation of the FLSA

75. Defendants admit that BNR is an employer under the FLSA. Defendants deny any other allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants admit the allegation in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Paragraph 81 is a legal conclusion and does not require an admission or denial. To the extent that an answer is required, Defendants deny the allegation.

### Count 2: Conversion and Misappropriation

82. Paragraph 82 does not require an admission or denial.

83. Defendants deny the allegations in Paragraph 83.

### Count 3: Failure to Pay Wages Under La. R.S. 23:621

84. Paragraph 84 does not require an admission or denial.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants admit that Plaintiff's counsel sent a demand letter. Defendants deny all other

allegations in Paragraph 87.

88. Defendants admit that Defendants refused to provide monies in response to a demand letter. Defendants deny all other allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

*Count 4*: **Violation of Title VII of the Civil Rights Act – Racially Hostile Work Environment**

90. Paragraph 90 is a recitation of legal opinions interpreting law and does not require an admission or denial.

91. Paragraph 91 is a recitation of legal opinions interpreting law and does not require an admission or denial.

92. Paragraph 92 is a recitation of legal opinions interpreting law and does not require an admission or denial.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

*Count 5*: **Violation of Title VII of the Civil Rights Act – Discrimination Based on Race**

96. Paragraph 96 does not require an admission or denial.

97. Paragraph 97 is a recitation of law and does not require an admission or denial.

98. Paragraph 98 is a recitation of legal opinions interpreting law and does not require an admission or denial.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants admit the allegation in Paragraph 105.

106. Defendants admit the allegations in Paragraph 106.

### *Count 6*:  Retaliation in Violation of Title VII of the Civil Rights Act

107. Paragraph 107 does not require an admission or denial.

108. Paragraph 108 is a recitation of legal opinions interpreting law and does not require an admission or denial.

109. Paragraph 109 is a recitation of legal opinions interpreting law and does not require an admission or denial.

110. Defendants deny the allegations in Paragraph 110.

### *Count 7*:  Louisiana Employment Discrimination Law

111. Paragraph 111 does not require an admission or denial.

112. Paragraph 112 is a recitation of legal opinions interpreting law and does not require an admission or denial.

113. Paragraph 113 is a recitation of legal opinions interpreting law and does not require an admission or denial.

114. Defendants deny the allegations in Paragraph 114.

### *Count 8*:  Breach of Louisiana's Whistleblower Protection Law

115. Paragraph 115 is a recitation of law and does not require an admission or denial.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

### *Count 8* [stet]:  State Law Direct Action Claim
*Against XYZ Insurance Companies*

118.   Paragraph 118 does not require an admission or denial.

119.   Defendants deny the allegations in Paragraph 119.

120.   Defendants deny the allegations in Paragraph 120.

121.   Defendants deny the allegations in Paragraph 121.

122.   Paragraph 122 does not require an admission or denial. To the extent an answer is required, Defendants deny the allegation.

## **AFFIRMATIVE DEFENSES**

For further Answer to Plaintiff's Complaint, Defendants assert the following affirmative defenses:

1.   Plaintiff has failed to state a claim upon which relief can be granted and his claims should be dismissed pursuant to section 12(b)(6) of the Federal Rules of Civil Procedure.

2.   Defendant Spicy Daugx is not an employer as defined by Title VII, the FLSA, Louisiana Employment Discrimination Law (La. R.S. § 23:332), Louisiana's Whistleblower Protection Law (La. R.S. § 23:967), or La. R.S. § 23:621.

3.   Plaintiff failed to mitigate his damages, if any, and his damages should be reduced accordingly.

4.   Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel, unclean hands, and after acquired evidence.

5.   Defendant BNR exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and Plaintiff failed to take advantages of any preventative or corrective opportunities provided by his employer to avoid harm;

6.   Plaintiff failed to exhaust his administrative remedies;

7.   All actions taken with respect to Plaintiff were for legitimate non-discriminatory reasons;

8.  Defendant BNR acted in good faith and had reasonable ground for believing its actions did not violate the FLSA.

9.  Plaintiff's claims are barred in whole or in part by the statute of limitations.

## Reservation

Defendants reserve the right to amend and supplement these affirmative defenses after conduct of discovery.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon final trial or hearing of this case, this Court enter judgment in favor of Defendants, that Plaintiff takes nothing and his claims are dismissed with prejudice, and for such other and further relief, whether general or special, at law or in equity, to which Defendants may prove themselves to be justly entitled.

Respectfully submitted,

/s/ Michelle Craig
Michelle D. Craig, [LA #28004]
**Transcendent Law Group, LLC**
3726 Canal Street, Suite A
New Orleans, Louisiana 70119
P: (504) 459-4557
F: (504) 814-4502
mcraig@tlg.law

AND

/s/ Jana Ferguson
**The Ferguson Firm, PLLC**
Jana M. Ferguson, [TX #24002081]
4849 Greenville Ave., Suites 100-106
Dallas, TX 75206
P: 214-507-8152
janaf@fcfirm.com

*COUNSEL FOR DEFENDANTS*
*Spicy Daugx Operators Louisiana, LLC*
*BNR Production Partners, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system. I also certify that a copy of the foregoing pleading has been furnished to all counsel of record and/or parties herein, by email, fax, or by depositing same in the United States mail, postage prepaid and properly addressed, this  5th  day of  September , 2024.

                /s/ Michelle Craig