THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTIAN HILL,** § | § | CIVIL ACTION: 5:24-cv-626 |
|     **Plaintiff,** § | § | |
| | § | |
| v. § | § | JUDGE JERRY EDWARDS, JR |
| | § | |
| **SPICY DAUGX OPERATORS** § | § | |
| **LOUISIANA, LLC, BNR PRODUCTION** § | § | MAG. JUDGE HORNSBY |
| **PARTNERS, LLC, XYZ INSURANCE** § | § | |
| **COMPANY** § | § | |
|     **Defendants.** § | § | |

**BNR PRODUCTION PARTNERS, LLC'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

**DEFENDANT BNR PRODUCTION PARTNERS. LLC** ("BNR" or "Defendant") files this Memorandum in Support of its Rule 12(c) Motion for Judgment on the Pleadings for failure to state any claim upon which relief can be granted, and shows the Court as follows:

**I.      SUMMARY OF THE MOTION**

Plaintiff, via his Original Complaint (the "Complaint"), alleges that Defendant Spicy Daugx Operators Louisiana, LLC ("Spicy Daugx") was his employer for three months. Plaintiff alleges that during his employment Spicy Daugx subjected him to discrimination and a hostile work environment based on his race (black) in violation of Title VII and Louisiana state law, retaliated against him for reporting the alleged racial harassment and discrimination; violated federal (the Fair Labor Standard Act ("FLSA") and Louisiana state overtime laws, converted monies owed to Plaintiff by withholding monies from his paycheck; and violated Louisiana's whistleblower protection law by punishing Plaintiff for disclosing workplace acts and practices that violated the Louisiana discrimination laws and violated the Occupational Safety and Health Act ("OSHA").

Plaintiff only alleges that Spicy Daugx, and not BNR, employed him and violated his rights and has, as such, failed to plead any viable cause of action against BNR and his claims against BNR should be dismissed.

## II.     ARGUMENT AND AUTHORITIES

A.     <u>Legal Standard for Granting Rule 12(c) Motion for Judgment on the Pleadings for Failure to State a Claim</u>

The standards under a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion for judgment on the pleadings are identical. *IberiaBank v. Broussard*, No. 14-2448, 2015 U.S. Dist. LEXIS 168890, *2 (W.D. La. 2015)(citing *Jones v. Greninger*, 199 F.3d 322, 324 (5th Cir. 1999). Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." *Id.*; Fed. R. Civ. P. 12(b)(6). "A plaintiff must meet the minimum pleading requirements found in Rule 8(a)(2) to properly state a claim. *Id.* "Rule 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests[.]'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require detailed factual allegations, it demands more than "labels and conclusions" and a mere "formulaic recitation of the elements of a cause of action will not do". *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To state a claim upon which relief may be granted, Plaintiffs must plead enough facts to state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact." *McCaskill v. USAA Cas. Ins. Co.*, No. 23-3233, 2023 U.S. Dist. LEXIS 222467 (E.D. La. 2023)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In deciding on a motion to dismiss a court may review

"the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Id.* (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 5th Cir. 2010)). However, a plaintiff's contradictory, or "internally inconsistent," allegations render the claim at issue "implausible on its face." *Mora v. Univ. of Texas Sw. Med. Ctr.*, 469 F.App'x 295, 299 (5th Cir. 2012). The court need not reconcile contradictory allegations or accept them as true in deciding a motion under Rule 12(b)(6). *Id.*

    B.    <u>Plaintiff Fails to Set Forth any Factual Allegations that BNR, and not Spicy Daugx, was his Employer or Engaged in any Illegal Actions.</u>

Plaintiff repeatedly alleges in the Complaint that he was employed by Spicy Daugx (not BNR) and that any alleged illegal actions were taken by Spicy Daugx (not BNR) as follows:

1. "Plaintiff Christian Hilled worked at Spicy Daugx Operators Louisiana, LLC…."[1];
2. "…Spicy Daugx fired Mr. Hill."[2];
3. "Spicy Daugx did not provide Mr. Hill with any termination paperwork"[3];
4. "For approximately three months,…, Mr. Hill worked for Spicy Daugx Operators Louisiana, LLC."[4];
5. "Spicy Daugx employed Mr. Hill as a floor-hand and paid Mr. Hill an hourly rate of $15.00 per hour."[5];

---

[1] Complaint ¶1.
[2] Complaint ¶8.
[3] Complaint ¶9.
[4] Complaint ¶18.
[5] Complaint ¶19.

6. "Spicy Daugx used Mr. Hill's time card to estimate the hours that Mr. Stevens worked.";

7. "…Spicy Daugx only occasionally paid Mr. Hill overtime for some of the hours that they [sic] worked over 40 hours."[6];

8. "Spicy Daugx has approximately 25 or more employees at subject work site; and approximately 50 employees at other oil production sites in Louisiana."[7];

9. "On that date of filing [Plaintiff's EEOC charge], Mr. Blizzard was still employed by Spicy Daugx."[8];

10. "…Plaintiff's counsel sent Spicy Daugx's counsel an amicable demand letter explaining that Spicy Daugx had failed to consistently pay Mr. Hill overtime….Spicy Daugx only paid Mr. Hill overtime for some of those hours."[9];

11. "Mr. Hill was subjected to repeated racial slurs by his white supervisor [who alleged worked for Spicy Daugx]…."[10]

12. Spicy Daugx then transferred and terminated Mr. Hill as a result of his speaking up about the harassment."[11];

13. "Spicy Daugx's actions have caused Ms. Whatley [sic] to suffer mental, emotional, physical, and psychological harm."[12]

---

[6] Complaint ¶66.
[7] Complaint ¶69.
[8] Complaint ¶71.
[9] Complaint ¶87.
[10] Complaint ¶93.
[11] Complaint ¶101.
[12] Complaint ¶103.

      a. <u>Plaintiff's Title VII and Louisiana employment discrimination law claims against BNR should be dismissed because he has not alleged that BNR was his employer</u>

Plaintiff's Title VII and Louisiana state law claims against BNR should be dismissed because he has failed to plead any factual allegations that BNR was his employer or engaged in any illegal activity. *Williams v. Delta Zeta Sorority*, No. 23-268-JWD-RLB, 2024 U.S. Dist. LEXIS 53583 (M.D. La. 2024)(Where plaintiff alleged co-defendant "A" was her employer, but made no allegations that co-defendant "B" was her employer, co-defendant "B" entitled to dismissal of plaintiff's Title VII claims.)[13]  Where, as here, Plaintiff has failed to assert that BNR was her "employer" under Title VII or that he was BNR's "employee" for purposes of his Title VII allegations, Plaintiff's Title VII claims should be dismissed. *Id.*[14]  Additionally, Plaintiff has failed to allege that BNR engaged in any illegal behavior towards him in violation of Title VII or Louisiana state law.

      b. <u>Plaintiff's claim against BNR for violation of the FLSA</u>[15]

Plaintiff has failed to plead sufficient factual allegations to show that BNR was his employer and therefore his claim against BNR should be dismissed. The Fifth Circuit requires a plaintiff to plead at least one element of the "economic reality" test to determine

---

[13] As set forth in the Complaint, Louisiana anti-discrimination law shares similar scope and applicability to Title VII. *White v. Golden*, 982 So.2d 234, 254 (La. App. 2008).

[14] To the extent Plaintiff may argue that Spicy Daugx and BNR are "joint employers" he has not alleged any factual allegations to support such a finding.  The Fifth Circuit utilizes the following factors in determining whether entities are joint employers:  1) interrelation of operations; 2) centralized control of labor relations; 3) common management; and 4) common ownership or financial control.  *Trevino v. Celanese Cop.*, 701 F.2d 397, 404 (5th Cir. 1983).  The Complaint is devoid of any factual allegations that would support a finding that Spicy Daugx and BNR were joint employers of Plaintiff.

[15] To the extent the Complaint addresses the defendants *in globo*, but fails to make specific allegations against BNR, this is insufficient pleading to withstand a motion to dismiss.  *Tilson v. DISA, Inc.*, No. 17-240-SDD-RLB, 2019 U.S. Dist. LEXIS 216318, *8 (M.D. La. 2019)

employer status under the FLSA. *Gray v. Powers*, 673 F.3d 352, 356 (5th Cir. 2012). This test requires a plaintiff to plead facts that support a finding that the alleged employer: 1) possessed the power to hire and fire employees; 2) supervised and controlled employee work schedules or conditions of employment; 3) determined the rate and method of payment; or 4) maintained employment records. *Id.* at 357. At least one factor must be satisfied for a court to find a defendant is the plaintiff's employer. Plaintiff alleged only that Spicy Daugx, and not BNR, hired him, paid him, failed to pay him overtime and maintained his timecard. Nowhere does Plaintiff plead any factual allegations that BNR was Plaintiff's employer and, as such, Plaintiff's claims for FLSA violations should be dismissed.

    c. Conversion

Plaintiff pleads in the Complaint that "…Spicy Daugx only occasionally paid Mr. Hill overtime for some of the hours that they [sic] worked over 40 hours"[16]. Later, in paragraph 83, he globally alleges that "Defendants' actions in withholding monies from employee paychecks, . . . , amounts to their conversion of funds under Louisiana law." However, Plaintiff has failed to plead any factual allegations to support a claim that BNR withheld any monies from his paycheck (as opposed to Spicy Daugx) and, as such, this claim should be dismissed.

    d. Failure to Pay Wages Louisiana R.S. 23:621

The Louisiana Wage Payment Act ("LWPA") requires employers to pay terminated or resigned employees within fifteen (15) days of termination/resignation. *Hebert v. Republic Servs. Alliance Grp.*, No. 6:20-CV-00622, 2020 U.S. Dist. LEXIS 121244, *14

---

[16] Complaint ¶66.

(W.D. La. 2020); La. R.S. 23:632.  In order to state a claim under the LWPA, the plaintiff must show:  1) wages were dues and owing; 2) demand was made at the place where the employee was usually paid; and 3) the employer failed to pay upon demand.  *Id.*  Plaintiff has alleged only that Spicy Daugx (and not BNR) owed him for unpaid wages and that he made demand on <u>Spicy Daugx's</u> attorney for unpaid wage[17].  As such, Plaintiff has failed to allege any facts to support his allegation that BNR owed him for unpaid wages and/or that he made a proper demand on BNR under the LWPA.

   e. Louisiana Whistleblower Protection Law

Plaintiff pleads in his Complaint that Louisiana law prohibits reprisal against any <u>employee</u> who discloses or threatens to disclose a workplace act or practice in violation of state law.[18]  However, Plaintiff fails to plead any factual allegations that he was BNR's employee and, as such, BNR is entitled to dismissal of this claim against it.

### IV. CONCLUSION

In conclusion, Defendant requests that all claims against BNR made in Plaintiff's Complaint be dismissed in their entirety and with prejudice to refiling and to all such further relief to which BNR is entitled.

          Respectfully submitted,

---

[17] Complaint ¶87.
[18] Complaint ¶115.

BRADLEY MURCHISON KELLY & SHEA LLC

/s/ Leland G. Horton

Leland G. Horton
Bradley Murchison
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: 318-227-1131
Facsimile: 318-227-1141
Email: lhorton@bradleyfirm.com



/s/ Jana M. Ferguson

Jana M. Ferguson
The Ferguson Firm
4849 Greenville Ave., Suites 100-106
Dallas, Texas 75206
Telephone: 214-507-8152
Email: janaf@fcfirm.com

**--- Attorneys for Defendant
   BNR Production Partners, LLC**

## CERIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served concurrently with the filing of same by the Court's CM/ECF noticing system upon all counsel of record.

Signed on this the 30th day of January 2025.

*/s/ Leland G. Horton*
Leland G. Horton
