UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTIAN HILL                    §
                                  §
Plaintiff                         §        CIVIL ACTION NO: 5:24−CV−626
                                  §
v.                                §        Judge Jerry Edwards, Jr.
                                  §        Magistrate Judge Hornsby
                                  §
                                  §
SPICY DAUGX OPERATORS             §        JURY TRIAL DEMANDED
LOUISIANA, LLC, BNR               §
PRODUCTION PARTNERS, LLC,         §
XYZ INSURANCE COMPANY             §

## DEFENDANT BNR PRODUCTION PARTNER, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY

Pursuant to Federal Rules of Civil Procedure 33, Defendant BNR Production Partners, LLC ("BNR") states its responses and objections to Plaintiff's First Set of Discovery as follows:

## GENERAL OBJECTIONS

1.     By responding to all or any part of any Request, Defendant do not admit that the requested documents are relevant, material or admissible evidence and hereby preserve all objections to the admissibility of documents produced in response to these Requests at any hearing or trial.

2.     Defendants generally object to these Requests to the extent they could be construed to seek documents or other information protected by the attorney-client privilege and/or the attorney work product doctrine.

3.     Defendant's responses and objections are based on the information currently available. If additional information becomes available, Respondents will supplement, and Respondents reserve the right to assert additional objections as may be appropriate based on the additional information.

4.     Defendant generally object to these Requests to the extent they are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous, over broad,

DEF[Type here]                        [Type here]                        [Type here]

unduly burdensome, or fail to identify documents sought with reasonable particularity in light of the issues in this case.

5.    By responding to all or any part of any Request, Defendant expressly reserve their general and specific objections to that Request.

6.    Defendant generally object to these Requests to the extent they seek the disclosure of confidential company information and/or personal information related to individuals who are not parties to this proceeding.  Therefore, Defendants will only produce documents in response to such requests with the entry of an agreed protective order.

7.    Defendant generally object to the Interrogatories to the extent they purport to alter, amend or expand the requirements of the Federal Rules of Civil Procedure.

8.    Responses are based on information currently available.  If additional information becomes available, Defendant will supplement in accordance with the Rules of Civil Procedure and Defendants reserve the right to assert additional objections as may be appropriate for additional information.

9.    Defendant generally object to the extent Plaintiff seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous, overly broad and/or unduly burdensome in light of the issues presented in this case.

## RESPONSE TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  BNR Production Partners, LLC employs over 20 or more employees.

   Response:  Admit

**REQUEST FOR ADMISSION NO. 2:**  Plaintiff Christian Hill was employed by Spicy Daugx Operators Louisiana, LLC.

   Response:  Deny.

**REQUEST FOR ADMISSION NO. 3:**  Plaintiff Christian Hill was employed by BNR Production Partners, LLC.

      Response:  Admit

**REQUEST FOR ADMISSION NO. 4:**  Defendant hired Plaintiff Christian Hill on March 14, 2023.

      Response:  BNR objects in that the Definition of Defendant includes multiple companies. Defendant admits that BNR hired Plaintiff Christian Hill on or about March 14, 2023, but denies the remainder of Request for Admission No. 4.

**REQUEST FOR ADMISSION NO. 5:**  Defendant employed Plaintiff Christian Hill as a floor-hand.

Response:  BNR objects in that the Definition of Defendant includes multiple companies. Defendant BNR admits to employing Christian Hill as a floor-hand, but otherwise denies the remainder of Request for Admission No. 5.

**REQUEST FOR ADMISSION NO. 6:**  Defendant paid Plaintiff Christian Hill $15.00 per hour.

Response:  BNR objects in that the Definition of Defendant includes multiple companies.  BNR admits it paid Plaintiff Christian Hill $15.00 per hour. BNR is denies the remainder of the averments contained in Request for Admission No. 6.

**REQUEST FOR ADMISSION NO. 7:**  Defendant employed Jacob Stevens as a floor-hand.

Response:  BNR objects in that the Definition of Defendant includes multiple companies who did not employ Jacob Stevens.  Defendant further objects in that the Request does not include a time period.  BNR admits it employed Jacob Stevens as a floor hand for a period of time.  BNR is denies the remainder of the averments contained in Request for Admission No. 7.

**REQUEST FOR ADMISSION NO. 8:**  Jacob Stevens was paid an hourly rate of $16.00 per hour.

Response:  Defendant objects to this Request in that it is vague and ambiguous in that it does not specify a specific employer and the Definition of employer includes multiple companies or time period.  Defendant BNR admits it paid Jacob Stevens about $16.00 per hour, but therefore denies the remainder of Request for Admission No. 8.

**REQUEST FOR ADMISSION NO. 9:**  Defendant employed Dakota Blizzard.

Response:  BNR objects in that the Definition of Defendant includes multiple companies who may not have employed Dakota Blizzard.  Defendant further objects because the request does not include a time period.  Subject to and without waiving the aforestated objection, BNR admits it employed Dakota Blizzard for a period of time.

**REQUEST FOR ADMISSION NO. 10:**  Dakota Blizzard worked as an operator for Defendant.

Response:  BNR objects in that the Definition of Defendant includes multiple companies who may not have employed Dakota Blizzard.  Defendant further objects because the request does not include a time period.  Subject to and without waiving the aforestated objection, BNR admits it employed Dakota Blizzard as an operator for a period of time.

**REQUEST FOR ADMISSION NO. 11:**  Dakota Blizzard had the authority to fire or replace floor-hands on his work crew.

Response:  BNR objects in that the Definition of Defendant includes multiple companies who did employ Dakota Blizzard in any capacity.  Subject to and without waiving the aforestated objection:  Deny.

**REQUEST FOR ADMISSION NO. 12:**  On Wednesday, May 17, 2023, Plaintiff Christian Hill

suffered an on-the-job injury.

Response:  Defendant is without information to admit or deny Request No. 12 and therefore

responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 13:**  Plaintiff Christian Hill's injury was caused by Dakota

Blizzard's failure to supervise the operation of a rig.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 14:**  On Wednesday, May 17, 2023, Dakota Blizzard was

high from smoking marijuana on the job.

Response:  Defendant is without information to admit or deny Request No. 12 and therefore

responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 15:**  On Wednesday, May 17, 2023, Dakota Blizzard

instructed Plaintiff Christian Hill to go home.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 16:**  The next day, May 18, 2023, Plaintiff Christian Hill

notified Dakota Blizzard that he was in pain and agreed with Dakota's advice to remain home to

recover.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 17:**  On Thursday May 18, 2023, Dakota Boles joined the

work crew with Dakota Blizzard and Jacob Stevens.

Response:  Admit.

**REQUEST FOR ADMISSION NO. 18:**  Defendant replaced Plaintiff Christian Hill on the crew

with Dakota Boles.

Response: Response:  BNR objects in that the Definition of Defendant includes multiple companies who did  employ Dakota Blizzard in any capacity.  Defendant further objects because the request does not include a time period.  Subject to and without waiving the aforestated objection, BNR responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 19:**  Dakota Boles is a white man.

Response:  Admit

**REQUEST FOR ADMISSION NO. 20:**  Dakota Blizzard told Jacob Steven that he intended to permanently replace Plaintiff Christian Hill on the work crew with Dakota Boles.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 21:**  Dakota Blizzard told Jacob Stevens that he intended to terminate Plaintiff Christian Hill's employment.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 22:**  Dakota Blizzard told Jacob Stevens that he did not intend to inform Plaintiff Christian Hill that his employment was terminated.

Response:  Defendant is without information to admit or deny the averment and therefore denies Request for Admission No. 22.

**REQUEST FOR ADMISSION NO. 23:**  Dakota Blizzard told Jacob Stevens that he intended to terminate Plaintiff Christian Hill by making it appear that Mr. Hill had not shown up for work.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 24:**  On Friday, May 19, 2023, Plaintiff Christian Hill made a complaint against Dakota Blizzard.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 25:** On Friday, May 19, 2023, Defendant instructed

Plaintiff Christian Hill to work with a different crew.

Response: Response:  BNR objects in that the Definition of Defendant includes multiple companies

who did  employ Dakota Blizzard in any capacity.   Subject to and without waiving the aforestated

objection, BNR responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 26:** On Friday, May 19, 2023, Randy Hall instructed

Christian Hill and Jacob Stevens to work with a different work crew.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 27:** On Friday, May 19, 2023, Jackie Rogers instructed

Christian Hill and Jacob Stevens to work with a different work crew.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 28:** On Friday May 19, 2023, Defendant terminated

Plaintiff Christian Hill's employment.

Response:  Defendant BNR admits it terminated Plaintiff's employment on or about May 19, 2023,

but denies the remainder of the averment due to the overbroad Definition of Defendant.

**REQUEST FOR ADMISSION NO. 29:** Dakota Blizzard made the decision to terminate Plaintiff

Christian Hill's employment.

Response:  Deny.

Dakota Blizzard made the decision to terminate Plaintiff Christian Hill's employment.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 30:**  Randy Hall was aware that Dakota Blizzard terminated Plaintiff Christian Hill's employment.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 31**:  On June 28, 2023, Dakota Blizzard was employed by Defendant.

Response: Response:  BNR objects in that the Definition of Defendant includes multiple companies who did  employ Dakota Blizzard in any capacity.    Subject to and without waiving the aforestated objection, BNR admits that Dakota Blizzard was employed by BNR on June 28, 2023.  Defendant denies the remaining averments contained in Request No. 31.

**REQUEST FOR ADMISSION NO. 32**:  Defendant terminated Dakota Blizzard's employment on or after July 3, 2023.

Response: Response:  BNR objects in that the Definition of Defendant includes multiple companies who did  employ Dakota Blizzard in any capacity.  Subject to and without waiving the aforestated objection, BNR admits that it terminated Dakota Blizzard after July 3, 2023.

**REQUEST FOR ADMISSION NO. 33:**  Employees clock-in and clock-out by inserting a paper time-card into a physical punch-clock.

Response:  Defendant objects to the extent that the Request does not state which employees, which employer, or which time period. Accordingly, Defendant does not have enough information to admit or deny the assertion and therefore denies same.

**REQUEST FOR ADMISSION NO. 34:**  Defendant maintains possession of the paper time-card with the stamped clock-in and clock-out times.

Response:  Defendant objects in that the Definition of Defendant includes multiple companies many of which are not employers of Defendants, and the request does not identify which employees are at issue or any time period.  Accordingly, Defendant does not have enough information to admit or deny the assertion and therefore denies same.

**REQUEST FOR ADMISSION NO. 35:**  In a November 13, 2023 Position Statement to the EEOC Investigator, Defendant represented that, "Spicy Daugx hired Mr. Hill…"

Response:  Defendant objects to the extent that Defendant is defined to include multiple companies, many of which are not employers of Defendant.  Subject to and without waiving the aforestated objection, Defendant admits that the position statement may have mistakenly included this statement. However, Defendant denies that Spicy Daugx hired Mr. Hill.

**REQUEST FOR ADMISSION NO. 36:**  On May 3, 2024, the EEOC issued a Right to Sue letter.

Response:  Defendant objects to this Request to the extent that the Request does not identify the EEOC Right to Sue letter in any manner that can allow for an admission or denial.  Subject to and without waiving the aforestated objections, BNR, upon information and belief, admits that the EEOC likely issued many Right to Sue letters on May 3, 2024.

**REQUEST FOR ADMISSION NO. 37:**  Defendant failed to properly pay overtime compensation to Plaintiff Christian Hill.

Response:  Defendant objects to the extent that Defendant is defined to include multiple companies, many of which are not employers of Defendant.  Subject to and without waiving the aforestated objection, BNR responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 38:**  Defendant drug-tested Dakota Blizzard.

Response:  Defendant objects to the extent that Defendant is defined to include multiple companies, many of which are not employers of Defendant.  Defendant further objects in that the Request in not limited as to time.  Subject to and without waiving the aforestated objection, BNR responds as follows:  Deny.

.**REQUEST FOR ADMISSION NO. 39:**  Defendant did not drug-test Dakota Blizzard.

Response:  Defendant objects to the extent that the Defendant is defined to include multiple companies, many of which are not related to this lawsuit and did not employee Dakota Blizzard. Defendant further objects in that the Request is not limited in time.  Accordingly, Defendant does not have enough information to admit or deny the assertion and therefore denies same.

**REQUEST FOR ADMISSION NO. 40:** Defendant made a report to law enforcement regarding Plaintiff Christian Hill.

Response:  Defendant objects to the extent that the Defendant is defined to include multiple companies, many of which are not related to this lawsuit.   Defendant further objects in that the Request is not limited in time.  Defendant admits that a BNR Employee made a report to law enforcement regarding Plaintiff Christian Hill's conduct.

**REQUEST FOR ADMISSION NO. 41:**  Defendant did not make a report to law enforcement regarding Plaintiff Christian Hill.

Response:  Defendant objects to the extent that the Defendant is defined to include multiple companies, many of which are not related to this lawsuit and did not employ Hill.  Defendant further objects in that the Request is not limited in time.  Subject to and without waiving the aforestated

objections, Defendant denies the averment in Request No, 41.


## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1</u>** Identify each person who participated in answering these requests for admission, interrogatories, and requests for production of documents, and describe the nature of their participation.

Response:  Susan Luccous assisted with answer the admissions, interrogatories and requests for production. Ms,. Luccous has personal knowledge of relevant facts.

**<u>INTERROGATORY NO. 2:</u>** For each Request for Admission that you did not admit, explain your reason for not admitting.

Response:  Defendant objects to this request in that it is actually multiple Interrogatories and is vague and ambiguous ( ex. Did not identify a particular employer, employee or date), and calls for legal conclusions.  Subject to and without waiving the aforetated objections, BNR responds as follows:  BNR did not admit Requests for admissions that were untrue, called for legal conclusions, and/or were written in a way that did not allow for an admission or denial.


**<u>INTERROGATORY NO. 4:</u>**

Identify all employees in Louisiana from 2020 through present, their job title, race, age, wage, and whether they are still employed by Defendant or their reason for leaving.


Objections:  Defendant objects to this request in that it is overbroad and ambiguous and calls for irrelevant information in that the request asks for all employees in the entire state of Louisiana, regardless of identifying an employer, without limiting the time (including whether employed

during Plaintiffs employment) or the location.  Subject to and without waiving the aforestated objections, Defendant BNR refers Plaintiff to Defendant's Response to Requests for Production.

**INTERROGATORY NO. 5:**

Describe all facts supporting Defendant's contention in the November 13, 2023 Position Statement to the EEOC that, "Mr. Hill was aware that his performance and attendance were poor and that his job could be in jeopardy."

Objections:  BNR objects to the definition of Defendant in that it is overbroad, to include companies that did not employ Mr. Hill.  Subject to and without waiving the aforestated objection, Defendant responds as follows:

BNR had counseled Mr. Hill regarding his poor performance and poor attendance.

**INTERROGATORY NO. 6:**

Identify all employees responsible for the decision to terminate Plaintiff Christian Hill's employment.

Objections:  Defendant objects to this request to the extend that it is overbroad, vague, ambiguous, and potentially seeks irrelevant information.  The Request does not identify which company employees it is referring to, it is likely that Mr. Hill has worked for other Companies besides BNR and those companies, and the Interrogatory does not identify which termination decision is in question.  Subject to and without waiving the aforestated objection, Susan Luccous was the decision-maker regarding  Mr. Hill's termination.  Mr. Hill was terminated for violating BNR's workplace violence policy.

**INTERROGATORY NO: 7:**  Identify all Defendant's sources of income, and the amounts thereof.

Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information, is not limited to time and scope.  Furthermore, the request seeks trade secrets and confidential business information.   Furthermore, Defendant objects to the Definition of Defendant which is overbroad and includes companies that are unrelated to Plaintiff's claims and are not likely to lead to relevant and/or admissible evidence.  Further, Defendant objects in that the request is designed to harass Defendant in violation of the Federal Rules of Civil Procedure.

**INTERROGATORY NO: 8:**  Detail all Defendant's assets (including financial assets, real property, moveable property, ownership interests in businesses, etc.) and income from January 1, 2020 to the present.

Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information that is unrelated to the claims and defenses in this case, is not limited to time and scope.  Furthermore, Defendant objects to the Definition of Defendant which is overbroad and includes numerous companies that are unrelated to Plaintiff's claims and are not likely to lead to relevant and/or admissible evidence.  Further, Defendant objects in that the request is designed to harass Defendant in violation of the Federal Rules of Civil Procedure.

**INTERROGATORY NO: 9:**  Describe your net worth for fiscal years 2020, 2021, 2022, and 2023.

Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information that is not relvant to any claim or defense in this pnmatter,  Further, the request seeks confidential business information.  , is not limited to time and scope.  Furthermore, Defendant objects to the Definition of "your"  is overbroad and includes companies that are unrelated to Plaintiff's claims and are not likely to lead to relevant and/or admissible evidence.

DEF[Type here]                                    [Type here]                                    [Type here]

Further, Defendant objects in that the request is designed to harass Defendant in violation of the Federal Rules of Civil Procedure.

**INTERROGATORY NO 10:** Identify all bank accounts owned or controlled by Defendant, or that Defendant has access to.

Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information that is not related to any claim or defense in this case, is not limited to time and scope.  Furthermore, Defendant objects to the Definition of Defendant which is overbroad and includes companies that are unrelated to Plaintiff's claims and are not likely to lead to relevant and/or admissible evidence.  Further, Defendant objects in that the request is designed to harass Defendant in violation of the Federal Rules of Civil Procedure.  Defendant further objects in that it seeks confidential business information.

**INTERROGATORY NO: 11:** Identify the relationship between BNR Production Partners, LLC's and Spicy Daugx Operators Louisiana, LLC, and any percent ownership interest one has in the other.

Response:  Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information, is not limited to time and scope.  Subject to and without waiving the aforestated objections, Defendant responds as follows:

BNR Production Partners and Spicy Daugx Operators Louisiana, LLC are separate companies.

**INTERROGATORY NO: 12:** Please set forth the factual basis for each of the affirmative defenses you may raise.

Objections:  Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for legal conclusions, invades the attorney-client privilege, is actually multiple interrogatories, and asks Defendant to marshall its evidence.  Interrogatories may not seek legal conclusions or questions of

pure law. Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit.

**INTERROGATORY NO: 13:** Identify all job positions of your employees that you contend are exempt from overtime pay under the FLSA.

1.  Identify all employees of yours, from January 1, 2023 to the present that you contend are exempt from overtime pay under the FLSA.

2.  Identify all of your employees, from January 2023 to the present, whose pay has been subject to reduction because of variations in the quality or quantity of work.

3.  Identify all of your 1) hourly employees, and 2) salaried employees, from January 2023 to the present. In identifying those salaried employees, please identify that employees' annual salary for each year from 2023 to the present.

4.  Identify and describe all oral and written overtime practices, procedures, customs, and/or policies from 2023 to the present, including all changes and/or amendments to these practices, procedures, customs, and/or policies, and the dates of any purported changes.

Objections:  Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for pure legal conclusions, invades the attorney-client privilege, is actually five separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further objects in that this request seeks confidential information regarding its employees.  Defendant further requests that due to the definition of "you" calls for information regarding employees of companies that are irrelevant to this lawsuit and unlikely to lead to admissible information.  Defendant further objects in that this request has no legitimate purpose and is designed solely to harass defendant and its employees in that

there is no issue in this case as to whether Plaintiff was improperly classified.

**INTERROGATORY NO: 14** Describe who creates, implements, and/or changes, your corporate policies, procedures, and/or practices applicable to Plaintiff Christian Hill regarding the following (in your response, please include the process, persons, and/or personnel responsible for communicating and overseeing these policies, procedures, and/or practices):

1. employment agreements,

2. wages (including all shift differentials and overtime and calculation of same),

3. recording all hours worked,

4. meal breaks (including automatic deductions and monitoring, recording, confirming, discouraging, and/or compensating interrupted meal breaks),

5. bonuses,

6. incentive pay (i.e. picking up shifts, recommending new hires, or otherwise),

7. 401k matches,

8. ERISA,

9. termination,

10. employees filing any concerns or complaints regarding any of the above, and

11. company investigation of workplace violations.

For example, your response might include the corporate administrator(s) or office(s) or officer(s) creating a policy, then communicating and/or involving certain director(s) with the creation and/or communication of that policy, who then communicates and/or involves implementation of said policy to a certain facility (or more specific unit in a facility, or perhaps it is a system-wide policy), and who describes the policy those directors, managers, or otherwise in that unit or facility that communicates, oversees, or even redefines/alters those policies to the specific Plaintiff.

Objections:  Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for pure legal conclusions, invades the attorney-client privilege, is actually twelve separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further objects in that this request seeks confidential information regarding its employees.  Defendant further requests that due to the definition of you calls for information regarding employees of companies that are irrelevant to this lawsuit and unlikely to lead to admissible information.  Defendant further objects in that this request has no legitimate purpose and is designed solely to harass defendant and its employees. Plaintiff has exceeded the number of Interrogatories allowed under the Federal Rules of Civil Procedure, including subparts.  Subject to and without waiving the aforestated objections:

Susan Luccous, Office Manager/Book Keeper -  Ms. Luccous can be contacted through BNR's attorneys of record.

Spencer Bradbury,  Managing Partner- Mr. Bradbury can be contacted through BNR's attorneys of record.

**<u>INTERROGATORY NO 15:</u>**  Please describe any and all complaints you have received from 2015 through present regarding:

(1) pay, compensation, failure to properly compensate employees, or pay overtime compensation; (2) racial discrimination, racial harassment, use of racial slurs, or any complaints made by Black employees; and (3) Dakota Blizzard.

Objections:  Defendant objects to this Request in that Plaintiff has exceeded the number of Interrogatories allowed under the FRCP.  Further, this Interrogatory is vague ambiguous, overbroad, calls for legal conclusions, invades the attorney-client privilege, is actually twelve separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further

objects in that this request seeks confidential information regarding its employees.  Defendant further requests that due to the definition of you calls for information regarding employees of companies that are irrelevant to this lawsuit and unlikely to lead to admissible information.  Defendant further objects in that this request has no legitimate purpose and is designed solely to harass defendant and its employees. Plaintiff has exceeded the number of Interrogatories allowed under the Federal Rules of Civil Procedure, including subparts.

In your answer please be sure to identify and describe any system(s) for lodging such complaints and where they are stored. Please include the date(s) such conversation(s) or communication(s) took place, any witness(es) that were present to those conversations or communications, a description of the substance of those communications or conversations, and the resulting action that took place.

Objections:  Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for legal conclusions, invades the attorney-client privilege, is actually twelve separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further objects in that this request seeks confidential information regarding its employees.  Defendant further requests that due to the definition of you calls for information regarding employees of companies that are irrelevant to this lawsuit and unlikely to lead to admissible information.  Defendant further objects in that this request has no legitimate purpose and is designed solely to harass defendant and its employees. Plaintiff has exceeded the number of Interrogatories allowed under the Federal Rules of Civil Procedure, including subparts.

Subject to and without waiving the aforestated objections, Defendant responds as follows: Other than this lawsuit, None.

**INTERROGATORY NO 16:**

Please identify the individual(s) or employee(s) responsible for computing the weekly wages due to and/or paid to Plaintiff Christian Hill, any payroll systems used, as well as the amount of any employee benefit plan for which Plaintiff was eligible during their employment with Defendant.

Objections:  Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for legal conclusions, invades the attorney-client privilege, is actually twelve separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further objects in that this request seeks confidential information regarding its employees.  Defendant further requests that due to the definition of you calls for information regarding employees of companies that are irrelevant to this lawsuit and unlikely to lead to admissible information.  Defendant further objects in that this request has no legitimate purpose and is designed solely to harass defendant and its employees. Plaintiff has exceeded the number of Interrogatories allowed under the Federal Rules of Civil Procedure, including subparts.  Subject to and without waiving the aforestated objections, Defendant responds as follows:

Susan Luccous managed payroll during the relevant time, with the assistance of the Gusto Payroll system.  Mr. Hill was not entitled to any benefits, other than Workers Compensation.

## **INTERROGATORY No. 17:**

Identify any other Black employees at the time of Christian Hill's employment.[1]

Response:  Defendant objects in that Plaintiff has exceeded the number of Interrogatories allowed under the FRCP. Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for legal conclusions, invades the attorney-client privilege, is actually twelve separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further objects in that this request seeks confidential information regarding its employees.  Defendant further requests that due to the definition of you calls for information regarding employees of companies that are irrelevant to this lawsuit and unlikely to lead to admissible information.  Defendant further objects in that this

request has no legitimate purpose and is designed solely to harass defendant and its employees.

Plaintiff has exceeded the number of Interrogatories allowed under the Federal Rules of Civil

Procedure, including subparts. Subject to and without waiving the aforestated objections, Defendant

responds as follows:

Please see the report provided in response to Plaintiff's Request for Production.

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

If your response to any Request for Admission is less than an unequivocal admission, produce all documents supporting your response.

Objections:  Defendant objects to this Request in that it is vague, ambiguous regarding determination of whether an admission is unequivocal, overburdensome, calls for the marshalling of evidence, seeks information protected by the Attorney-Client privilege. Further, the request requires attorney-work product and legal conclusions. Subject to and without waiving the aforestated objections, Defendant will provide relevant responsive documents.

## REQUEST FOR PRODUCTION NO. 2:

Produce all documents comprising the entire personnel files of Plaintiff Christian Hill, Jacob Stevens, Dakota Blizzard, and Dakota Boles.

Response: Defendant objects to this Request in that the term personnel file is vague and ambiguous and subject to multiple definitions.  Subject to and without waiving the aforestated objections, Defendant responds as follows:

Defendant will provide the requested documents.

## REQUEST FOR PRODUCTION NO. 3:

Produce all documents comprising the entire payroll files of Plaintiff Christian Hill, Jacob Stevens, and Dakota Boles, including scans of paper time cards.

Response:  Defendant objects to the request to the extent the term payroll files is vague and ambiguous and seeks information that is not designed to lead to admissible evidence.  Subject to and without waiving the Defendant will provide the requested documents for Christian Hill, Jacob Stevens, and Dakota Boles.

## REQUEST FOR PRODUCTION NO. 4:

DEF[Type here]                                    [Type here]                                    [Type here]

Produce any and all versions of Defendant's employee handbook and/or employee manual that were in effect during Plaintiff's employment.

Response:  Defendant objects to this request in that it is overbroad, vague and ambiguous in that it does not identify which company's policies it seeks.  Subject to and without waiving the aforestated objection, Defendant BNR will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all policies and procedures relating to racial discrimination and harassment.

Response:  Defendant objects to this request in that it is overbroad, vague and ambiguous in that it does not identify which company's policies it seeks and is not limited as to time and scope.  Subject to and without waiving the aforestated objection, Defendant BNR will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**

Produce the job description for floor-hand.

Response:  Defendant objects to this request in that it is overbroad, vague and ambiguous in that it does not identify which company's policies it seeks and is not limited as to time and scope.  Subject to and without waiving the aforestated objection, Defendant BNR responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 7:**

Produce the job description for operator.

Response:  Defendant objects to this request in that it is overbroad, vague and ambiguous in that it does not identify which company's policies it seeks and is not limited as to time and scope.  Subject to and without waiving the aforestated objection, Defendant BNR responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents, including but not limited to email and other internal correspondence, relating to Christian Hill, Jacob Stevens, or Dakota Blizzard from March 1, 2023 through present.

Response:  Defendant objects to this request in that it is overbroad, vague and ambiguous in that it does not identify which company's documents it seeks, is not limited to relevant topics, and seeks information protected by the attorney-client privilege.  Subject to and without waiving the aforestated objection, Defendant BNR responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents consisting of complaints, grievances, charges, etc., brought by any employee during the past five years in which he or she complained of harassment, hostile work environment, racial discrimination, unsafe work environment, or retaliation.

Response:  Defendant objects to this request in that it is overbroad, vague and ambiguous and overbroad in that it is not limited to relevant topics, and seeks information protected by the attorney-client privilege.  Subject to and without waiving the aforestated objection, Defendant BNR responds as follows:  Other than this lawsuit, None.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents consisting of complaints, grievances, charges, etc., brought by any

employee during the past five years in which he or she complained of issues regarding pay, compensation, failure to properly compensate employees, or pay overtime compensation.

Response:  Defendant objects to this request in that it is overbroad, vague and ambiguous in that it does not identify which company's policies it seeks and is not properly limited as to time and scope. Further, information regarding pay in general is beyond the scope of this lawsuit, and seeks information protected by the attorney-client privilege.  Subject to and without waiving the aforestated objection, Defendant BNR responds as follows:

None.

## REQUEST FOR PRODUCTION NO: 11:

Produce all emails and text messages from March 1, 2023 to the present containing the following non-case-sensitive keyword phrases:

- "Christian" OR "Hill"

- "Dakota" OR "Blizzard" OR "Boles"

- "Jacob" OR "Stevens"

- "n-word" OR "n word" OR "nigger" OR "pussy"

Response:  Defendant objects to this request in that it is overbroad, overburdensome, vague and ambiguous in that it does not identify which individuals or company's information it seeks and is not properly limited as to time and scope as it goes beyond Plaintiff's employment period. Further, information regarding pay in general is beyond the scope of this lawsuit, and seeks information protected by the attorney-client privilege.   Further, Defendant objects because the Request seeks information not in BNR's possession custody or control.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents related to any training of any employee, manager, or executive regarding

racial discrimination or harassment.

Response:  Defendant objects to this request in that it is overbroad, vague and ambiguous in that it

does not identify which company's policies it seeks and is not properly limited as to time and scope.

Subject to and without waiving the aforestated objection, Defendant BNR will produce non-

objectionable responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

Produce an unredacted copy of all information Defendant submitted to the EEOC in response to

Mr. Hill's claim.

Response:  Defendant objects to this request in that it is overburdensome in that Plaintiff seeks

information already in its possession, custody and control.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all text messages and emails from March 1, 2023 to present in the possession of employees

Randy Hall, Rayne Hall, Susan Luccous, Jackie Rodgers that were sent to or from Christian Hill,

Jacob Stevens, or Dakota Blizzard.

Response:  Defendant objects to this request to the extent it seeks information not in Defendant's

possession custody or control in that not all of the listed individuals are employees of Defendant.

Defendant further objects in that Christian Hill has equal possession of the requested documents.

Defendant further objects to the extent the request is overbroad in that the request goes beyond

Mr. Hill's employment.  Subject to and without waiving the aforestated objections, Defendant

will produce non-objectionable documents in its custody, possession, or control.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all emails and text messages from March 1, 2023 to present that were sent between any of the following employees regarding Christian Hill, Jacob Stevens, or Dakota Blizzard: Randy Hall, Rayne Hall, Susan Luccous, Jackie Rodgers.

Response:  Defendant objects to this request to the extent it seeks information not in Defendant's possession custody or control in that not all of the listed individuals are employees of Defendant. to the extent the request is vague, ambiguous, overbroad  in that the request seeks irrelevant information.

**REQUEST FOR PRODUCTION NO. 16:**

Produce a copy of any documents related to Defendant's investigations into Mr. Hill's complaints.

Response:  Defendant objects to this request in that it is overbroad in that the term "related to" is not defined making it impossible to ascertain the specific information Plaintiff seeks.  Defendant further objects in that Plaintiff seeks information protected by the attorney-client privilege.  Defendant possesses no non-privileged documents.

**REQUEST FOR PRODUCTION NO. 17:**

Produce a copy of any documents, records, or emails related to any drug test of Dakota Blizzard.

Response:  Defendant objects to this request in that it is vague, ambiguous and overbroad, and seeks private information about a former employee.  Defendant further objects in that this Request is not limited to time, seeks irrelevant information, and is vague and ambiguous.  As drafted, the Request seeks any drug tested Dakota Blizzard could have taken in his entire life, whether employment

related, or not.  Defendant further objects in that this Request is designed to harass and attempt to get private health and medical information regarding a former employee. Subject to and without waiving the aforestated objections, Defendant responds:  None.

## REQUEST FOR PRODUCTION NO. 18:

All employee handbooks, company policy manuals, and/or personnel manuals in effect from January 1, 2020 to the present.

Response:  Defendant objects in that this request is overbroad in that it seeks information for time periods beyond Plaintiff's employment.  Subject to and without waiving the aforestated objections, Defendant will provide the requested documents for BNR.

## REQUEST FOR PRODUCTION NO. 19:

All policies regarding overtime, including handbooks, manuals, written procedures and policies, emails, and memoranda.

Response:  Defendant objects in that this request is overbroad in that it seeks information for time periods beyond Plaintiff's employment.  Subject to and without waiving the aforestated objections, Defendant will provide the requested documents for BNR.

## REQUEST FOR PRODUCTION NO. 20:

All payroll records for Defendant from January 1, 2020 to the present, including but not limited to the pay received by Plaintiff Christian Hill on a weekly basis and/or any compensation made to Plaintiff Christian Hill by either cash, check, or any other form of payment.

Response:  Defendant objects in that this request is overbroad in that it seeks information for time periods beyond Plaintiff's employment.  Defendant further objects to the extent it seeks irrelevant and confidential payroll information regarding employees unrelated to this matter.  Subject to and without waiving the aforestated objections, Defendant will provide Christian Hill's payroll records. Defendant further objects to the overbroad definition of Defendant which includes companies unrelated to this lawsuit and companies that did not employ Plaintiff.

**REQUEST FOR PRODUCTION NO. 21:**

All time records, time cards, time sheets or other documents identifying or describing the hours worked by employees each week from January 1, 2020 to the present. This request includes but is not limited to any attendance sheets, all work or shift schedules, any time entered into Defendant's time keeping system (both written and electronic), any time kept by an office manager or supervisor, or other documents identifying or describing the hours worked.

Response:  Defendant objects in that this request is overbroad in that it seeks information for time periods beyond Plaintiff's employment and this is not a class action.  Defendant further objects to the extent it seeks irrelevant and confidential payroll information regarding employees unrelated to this matter.  Subject to and without waiving the aforestated objections, Defendant will provide Christian Hill's payroll records. Defendant further objects to the overbroad definition of Defendant which includes companies unrelated to this lawsuit and companies that did not employ Plaintiff.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce a copy of all contracts for work on which Plaintiff Christian Hill was employed.

Response:  Defendant objects to this Request in that it is vague and ambiguous. Defendant further objects in that the Request seeks irrelevant information to the claims and defenses and is thus beyond the scope of discovery.  Defendant further objects because the request seeks confidential information and trade secrets.    Defendant will not be producing the requested documents.

## REQUEST FOR PRODUCTION NO. 23:

All Defendant's tax returns for all years 2020 to the present.

Response:  Defendant objects to this request in that it is vague ambiguous and overbroad in that it seeks information from not just BNR, but from numerous companies unrelated to this matter and the claims contained in this lawsuit. Defendant further objects as it seeks information that is irrelevant to Plaintiff's claims and is designed as seeking information that is beyond the time scope of this lawsuit. Further, the request is overbroad in that Plaintiff only worked for the Company for a short period of time and the matters sought are disproportionate in light of the factors enumerated in the Federal Rules of Civil Procedure.  Defendant further objects in that the request seeks confidential business information and trade secrets.

## REQUEST FOR PRODUCTION NO. 24:

All documents reflecting a summary of all Defendant's assets and liabilities, in any of the years 2020 to the present.

Response:  Defendant objects to this request in that it is vague ambiguous and overbroad in that it seeks information from not just BNR, but from numerous companies unrelated to this matter and the claims contained in this lawsuit. Defendant further objects as it seeks information that is irrelevant

to Plaintiff's claims and is designed as seeking information that is beyond the time scope of this lawsuit in that Plaintiff only worked for the Company for a short period of time and the matters sought are disproportionate in light of the factors enumerated in the Federal Rules of Civil Procedure.  Further, the request seeks confidential information and trade secrets.

**REQUEST FOR PRODUCTION NO. 25:**

All documents reflecting Defendant's net worth, in any of the years 2020 to the present.

Response:  Defendant objects to this request in that it is vague ambiguous and overbroad in that it seeks information from not just BNR, but from numerous companies unrelated to this matter and the claims contained in this lawsuit. Defendant further objects as it seeks information that is irrelevant to Plaintiff's claims and is designed as seeking information that is beyond the time scope of this lawsuit in that Plaintiff only worked for the Company for a short period of time and the matters sought are disproportionate in light of the factors enumerated in the Federal Rules of Civil Procedure.  Furtherthe uinformation is entirely unrelated to the claims and defenses in this case and is thus beyond the scope of discovery.

**REQUEST FOR PRODUCTION NO. 26:**

All documents, including audio and video recordings, provided to any law enforcement agency regarding Plaintiff Christian Hill.

Response:  None.

**REQUEST FOR PRODUCTION NO. 27:**

All correspondence with any law enforcement agency regarding Plaintiff Christian Hill.

Response:  Defendant objects to this request as vague, ambiguous, and overbroad in that it does not identify who could have been involved in any correspondence, the time period of any such correspondence, or the subject of such correspondence, and the request is not limited to Defendants or those related to Defendant.  Subject to and without waiving the aforestated objections, Defendant does not have any responsive documents that are not already in the possession of Plaintiff.  The information was available from another source which was less expensive and less burdensome, and Plaintiff already obtained the information.

**REQUEST FOR PRODUCTION NO. 28:**

All photographs, films, videotapes, or audio recordings of Plaintiff Christian Hill, Jacob Stevens, or Dakota Blizzard, which are in Defendants' possession, custody or control.

Response.  None.

**REQUEST FOR PRODUCTION NO. 29:**

All emails and text messages of Randy Hall, Rayne Hall, Susan Luccous, or Jackie Rodgers containing the terms "overtime" or "over 40" or "over forty" or "more than 40" or "more than forty" or "time and a half" or "salary."

Response:  Defendant objects to this request as overbroad and in that it is not limited to time or scope.  Defendant further objects to the extent that it requests information protected by the attorney-client privilege.  Defendant further objects to the extent Plaintiffs seek information that is not in Defendants custody possession or control.    Subject to and without waiving the aforestated objections, Defendant does not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

All electronic communications, including e-mails, text messages, and other electronic messages concerning Plaintiff Christian Hill, Plaintiffs' time worked, time keeping, time cards, time sheets, time worked, overtime, overtime policies, calculation of overtime, Plaintiff 's pay, and Plaintiff's job duties or responsibilities.

Response:  Defendant objects to the extent the Request calls for information protected by the Attorney-Client Privilege.  Subject to and without waiving the aforestated objections, Defendant will provide the requested documents to the extent such documents are in Defendant's custody or control.

**REQUEST FOR PRODUCTION NO. 31:**

All job descriptions or other documents identifying or describing job duties from January 1, 2020 to the present.  Response  Defendant objects to this request in that it is vague and overbroad in that it does not identify which company it seeks information from, which jobs it seeks descriptions of and exceeds the relevant timeperiod.  Subject and without waiving the aforestated objections, Defendant does not have any relevant documents.

**REQUEST FOR PRODUCTION NO. 32**

All documents reflecting, indicating or relating to any statements taken or received by Defendant, its attorneys or representatives, from any person who has information or knowledge relating to the events alleged in Plaintiff's complaint.

Response: Defendant objects to this request to the extent that it is vague, ambiguous, and overbroad in that it is impossible to ascertain the information that Plaintiff seeks. Defendant further objects to the extent the Request seeks information protected by the attorney-client privilege.  Subject to and without waiving the aforestated objections, Defendant will provide the non-objectionable information.

**REQUEST FOR PRODUCTION NO. 33:**

All documents, including but not limited to e-mails, concerning claims of any employee regarding Defendant's failure to properly pay wages and/or overtime wages.

Defendant objects to this request in that it is overbroad in that it is not limited in time, geographical scope, and the term Defendant broadly includes numerous companies unrelated to this lawsuit.  Defendant further objects to the extent the Request seeks information protected by the attorney-client privilege.  Subject to and without waiving the aforestated objections, Defendant responds as follows will produce non-objectionable documents.

**REQUEST FOR PRODUCTION NO. 34:**

All documents prepared for government agencies (e.g. Internal Revenue Service, Immigration Customs Enforcement, Department of Labor, Equal Employment Opportunity Commission, etc.) demonstrating the employment and compensation of Plaintiff Christian Hill if any such documents

exist.

Defendant refers Plaintiff to information provided to the EEOC in response to his complaint.

## REQUEST FOR PRODUCTION NO. 35:

All lists of Defendant's employees from January 1, 2020 to the present.

Response:  Defendant objects to this request in that the timeperiod is overbroad, and that the information sought is unrelated to this lawsuit and overburdensome.  Subject to and without waiving the aforestated objection, Defendant will provide Plaintiff with the list of employees who worked during Plaiintiff's employment.

## REQUEST FOR PRODUCTION NO. 36:

All correspondence, including emails and text messages, between Dakota Blizzard and any of the following: Randy Hall, Rayne Hall, Susan Luccous, or Jackie Rodgers.

Response:  Defendant objects to this Request as overburdensome in that it seeks all communications between the stated individuals, regardless of timing, or topic. Most of the correspondence, emails and texts would entirely unrelated to the allegations contained in this lawsuit. Defendant further objects in that the information requested is not in Defendant's custody or control.  Defendant further objects to the extend some of the information is protected by the attorney-client and work product privileges.  Subject to and without waiving the aforestated objections, Defendant responds as follows:  None.

## REQUEST FOR PRODUCTION NO. 37:

All documents that identify, describe, or relate to any claim that Defendant's method of compensating Plaintiff was performed with a good faith, reasonable belief that Defendant was complying with the Fair Labor Standards Act relating to minimum wage and overtime compensation.

Response:  Defendant objects to this request in that it is overbroad in that it is not limited in time or geographic area. to the extent it seeks information protected by the attorney-client privilege. Subject to and without waiving the aforestated objection, Defendant will provide the requested documents.

**REQUEST FOR PRODUCTION NO. 38:**

All documents obtained as a result of releases and/or subpoenas relating to this case.

Response:  Defendant objects to the extent the term releases is vague.  Subject to and without waiving the aforestated objection, Defendant responds as follows:  Defendant has not subpoenaed any documents related to this Case.

**REQUEST FOR PRODUCTION NO. 39:**

All documents related to Defendants' affirmative defenses and/or which Defendants believe support any of its affirmative defenses.

Response:  Defendant objects to this request in that the request is vague and overbroad in that it is impossible to ascertain which information Plaintiff seeks.  Defendant further objects to the extent that it requires legal analysis that is protected by the attorney-client privilege.  Subject to and without waiving the aforestated objections, Defendant will produce relevant documents.

**REQUEST FOR PRODUCTION NO. 40:**

All documents reflecting evidence of ownership, control, or management of Defendant.

Response:  Defendant objects to this request in that the request is vague and ambiguous in that it is unclear what documents Plaintiff seeks, is overbroad as it is not limited to time or scope, and it is impossible to ascertain what Plaintiff means by all documents reflecting management of Defendant. Subject to and without waiving the aforestated objections, Defendant shall produce documents showing the ownership of BNR.

**REQUEST FOR PRODUCTION NO. 41:**

All form W-2s or 1099s prepared for Plaintiff Christian Hill by Defendant and/or its agents or accountants.

Defendant will produce the requested documents.

**REQUEST FOR PRODUCTION NO. 42:**

All documents reflecting the number of employees of Defendant, including  government report

forms reflecting the number of employees.

Response:  Defendant objects in that that the Request is overbroad in that it does not limit the dates, does not identify any government agency.  Subject to and without waiving the aforestated objection, Defendant responds as follows:  None.


**REQUEST FOR PRODUCTION NO. 43:**

Any documented work schedules reflecting when Plaintiff Christian Hill worked for Defendant from March 1, 2023 to the present.

Response:  None.

**REQUEST FOR PRODUCTION NO. 44:**


Any documented work schedules reflecting when Dakota Boles worked for Defendant.


Response:  None.


**REQUEST FOR PRODUCTION NO. 45:**


Any documented work schedules reflecting when Jacob Stevens worked for Defendant.


Response:  None.


**REQUEST FOR PRODUCTION NO. 46:**


Any documented work schedules reflecting when Dakota Blizzard worked for Defendant.

Response:  None.


**REQUEST FOR PRODUCTION NO. 47:**


If Defendant claims that it relied upon any opinion, ruling, regulation, document, or interpretation or decision of any kind issued, promulgated, or drafted by the United States Department of Labor as a basis for its failure to pay Plaintiffs minimum wage or overtime compensation or as a basis for claiming that it has paid Plaintiffs overtime compensation, please produce all such documents.

Response:  Defendant BNR properly paid minimum wage and overtime.  Not applicable.


**REQUEST FOR PRODUCTION NO. 48:**


With respect to any audits, reconciliations, reviews, or investigations by the U.S. Department of Labor, Wage and Hour Division, on or after 2019 of any Defendant or any entity owned in whole

or in part by Defendant, produce all correspondence, reports, schedules, work papers, opinions and

other documents that relate to or pertain to said inquiry by the DOL of Defendants' compensation

policies.

Response:  Defendant objects in that the request is overbroad in that it is not limited to time or

geographic scope.  Subject to and without waiving the objections, Defendant responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 49:**

With respect to any lawsuits filed against any Defendant on or after 2019 relating to the payment

of overtime compensation, produce all pleadings, all answers to interrogatories, all responses to

requests for admissions, all settlement documents, releases, waivers, and confidentiality

agreements.

Response:  None.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all documents identifying retroactive payment of wages or compensation under the

supervision of the administrator of the Wage and Hour Division, U.S. Department of Labor,

including the amount of such payment to each employee, the period covered by such employment,

the date of the payment, and the name(s) of the employee(s) to whom such payment was made.

Response:  None.

**REQUEST FOR PRODUCTION NO. 51:**

Defendant's policies/procedures (and any evidence thereof, including any evidence contained in any company manual, policy book, orientation program, and/or online website or portal, or in any other storage mechanism), regarding Defendant's wage and hour pay policies, procedures and practices, including payroll practice guidelines, record keeping guidelines, directives, memoranda or other documents to supervisors or other managerial personnel regarding the number of hours worked by Defendant's employees employed in a similar capacity, Defendant's practices with respect to the payment of overtime compensation to employees such as Plaintiff Christian Hill, and the policies and practices of the Defendant relating to maintenance of records of hours worked by employees similarly situated to Plaintiff Christian Hill.

Response:  Defendant will provide the requested documents.

**REQUEST FOR PRODUCTION NO. 52:**

Any records or documents of any kind (including video, audio or other digital tapes) that may establish when and how many hours (and what hours on each particular day) Plaintiff Christian Hill performed work for Defendant from March 2023 through May 2023, and whether Plaintiff was compensated properly or not for all such hours.

Response:  Defendant will provide the requested documents.

**REQUEST FOR PRODUCTION NO. 53:**

All documents that evidence the terms and conditions of Plaintiff's employment with Defendant, including any written contracts and/or agreements of any nature between Plaintiff and Defendant

and all company and personnel manuals, employee handbooks, and memos that Defendant

provided to Plaintiff.

Response:  Defendant will provide the requested information.


**REQUEST FOR PRODUCTION NO. 54:**

Any and all indexes, matrixes, scales, schematics, charts, ratios, analysis, records, emails, text

messages, logs, data files, calendar notes, correspondence or other documents relating to

Defendant's budgeted  policies, plans, practices and/or schemes (including those for certain

units, facilities, or otherwise).

Response:  Defendant objects to this Request in that it is vague and ambiguous in that it is

unclear               what               Plaintiff               means               by

"related to Defendant's budgeted policies, plans, practices and/or schemes," or units or

otherwise.  Defendant further objects in that the Request is not limited to time or scope.  Subject

to and without waiving the aforestated objections, Defendant does not have any documents

responsive to this request.


**REQUEST FOR PRODUCTION NO. 55:**

Any and all documents Defendant intends to use in defense of Plaintiff's claims in the Complaint.


Response:  Defendants object to this request in that it is vague and ambiguous in that it is impossible

to identify the information that Plaintiff seeks and the request violates attorney-client privilege by

requesting that Defendant marshall its evidences and defenses.

**REQUEST FOR PRODUCTION NO. 56:**

Any and all documents Defendant relied upon as a basis for responding to Plaintiff's Interrogatories to Defendant.

Response:  Defendant shall provide the requested documents.

**REQUEST FOR PRODUCTION NO. 57:**

All documents evidencing the reporting of Plaintiff's earnings to all third parties, which shall include, but shall not be limited to, insurance carriers, insurance agents and/or representatives, federal, state and local taxing authorities and the Louisiana Unemployment Compensation Fund.

Response:  Defendant objects to this Request in that it is overburdensome as it is unlimited unlimited as to time and scope, does not identify all "third parties" it is referring to. Subject to and without waiving the aforestated objections, Defendants responds as follows:  None.

**REQUEST FOR PRODUCTION NO. 58:**

To the extent that any part of the remuneration and/or compensation paid to Plaintiff was not reflected in Plaintiff's pay check, produce all documents evidencing the amount, date and nature and purpose of all such payments.

Response:  None.

**REQUEST FOR PRODUCTION NO. 59**

If Defendant claims that he relied on an attorney's opinion indicating that his pay policy at issue in this case was FLSA compliant, please provide all notes, documents, writing and/or

correspondence, wherein Defendant discussed the pay policy at issue with their attorney(s), prior to the commencement of the instant lawsuit.

Response:  Defendant objects to the hypothetical contained in this request in that it is not based on facts.  Defendants further object to the extent it seeks information protected by the attorney client privilege.  Subject to and without waiving the objections, Defendants have no responsive documents.

## REQUEST FOR PRODUCTION NO. 60:

If Defendant claims that it relied on an opinion from the United States Department of Labor, that his pay policy, which is at issue in this case, was FLSA compliant, provide all notes, documents, writings and/or correspondence wherein Defendant discussed the pay policy at issue with its attorney(s) prior to the commencement of the instant.

Response:  Defendant objects to the hypothetical contained in this request in that it is not based on facts.  Defendants further object to the extent it seeks information protected by the attorney client privilege.  Subject to and without waiving the objections, Defendants have no responsive documents.

## REQUEST FOR PRODUCTION NO. 61:

All non-disclosure and all non-disparage agreements signed by any worker who worked for a Defendant.

Objections:  Defendant objects to this request in that  it is overbroad and unduly burdensome in that the request is not limited to time, topic, geographic locations or similar employees.    Subject to and without waiving the aforestated objections, Defendant  has no responsive documents.

**REQUEST FOR PRODUCTION NO. 62:**

All EEOC charges naming BNR Production Partners, LLC or Spicy Daugx Operators Louisiana, LLC, as a responding party.

Response:  Defendant objects to this Request to the extent it is overbroad as it is not limited to time, or geography.  Subject to and without waiving the aforestated objections, Defendant responds as follows:  None other than Plaintiff.

**REQUEST FOR PRODUCTION NO. 63:**

All documents related to internal investigations regarding allegations of racial discrimination, racist harassment, and use of racial slurs.

Response:  Defendant objects in that the request is overbroad in that it is not limited to time or scope, does not list the company for which the information is sought, and seeks information protected by the attorney-client privilege.  Subject to and without waiving the aforestated objection, Defendant has no documents other than those related to this lawsuit.  Please see the documents provided to the EEOC and produced to you in response to these Requests for Production.

**REQUEST FOR PRODUCTION NO. 64:**

All documents reflecting reprimands, write-ups, or discipline based on any of Defendant's managers, owners, supervisors or employees engaging in racist harassment.

Response:  Defendant objects in that the request is not limited to time in is therefore overbroad.

Subject to and without waiving the aforestated objection, please see the attached documents.

**REQUEST FOR PRODUCTION NO. 65:**

All complaints (including resignation letters) complaining of racial discrimination, racist harassment, or hostile work environment.

Please see the attached documents.

**REQUEST FOR PRODUCTION NO. 66:**

Certified copies of any and all policies of insurance issued to Defendant and in effect during any relevant time period from January 1, 2023 through present, including all insurance applications, declarations pages and/or sheets, rejection forms, whether signed or unsigned, and copies of all riders, endorsements, and other related documentation to the policy.

Response:  Defendant objects to this request as seeking information unrelated to the claims and unduly burdensome as it is not limited to time or scope, and does not identify the Defendant. Subject to and without waiving the aforestated objections, Defendant BNR does not have insurance, other than workers compensation that covers employment issues.

Respectfully submitted,


*/s/ Leland G. Horton*
Bradley Murchison
401 Edwards Street, Suite 1000
Shreveport, LA  71101
Telephone:  318-227-1131
Email:  lhorton@bradleyfirm.com

**AND**

*/s/ Jana M. Ferguson*
The Ferguson Firm
4849 Greenville Ave. Ste 100-106
Dallas, Texas  75206
(214) 507-8152
janaf@fcfirm.com


## <u>CERTIFICATE OF SERVICE</u>

 I HEREBY CERTIFY that a copy of the above and foregoing responses has been served upon all

counsel of record via e-mail, by hand delivery where practicable or by placing a copy of same in

the United States mail, postage paid and properly addressed.

Signed this 13th day of January 2025.


 /s/ Jana M. Ferguson_____

COUNSEL FOR DEFENDANT

**<u>VERIFICATION</u>**

I, Susan Luccous, of Defendant BNR, do verify under penalty of perjury that I believe based on reasonable inquiry that the foregoing Responses to Interrogatories to BNR Production Partners are true and correct to the best of my knowledge, information and belief.

Executed this 13th day of January 2025.

Susan Luccous, Defendant BNR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| CHRISTIAN HILL | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO: 5:24−CV−626 |
| | § | |
| v. | § | Judge Jerry Edwards, Jr. |
| | § | Magistrate Judge Hornsby |
| | § | |
| | § | |
| SPICY DAUGX OPERATORS | § | JURY TRIAL DEMANDED |
| LOUISIANA, LLC, BNR | § | |
| PRODUCTION PARTNERS, LLC, | § | |
| XYZ INSURANCE COMPANY | § | |

### DEFENDANT SPICY DAUGX'S PRODUCTION PARTNER, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY

Pursuant to Federal Rules of Civil Procedure 33, Defendant BNR Production Partners, LLC ("BNR") states its responses and objections to Plaintiff's First Set of Discovery as follows:

### GENERAL OBJECTIONS

1.      By responding to all or any part of any Request, Defendant do not admit that the requested documents are relevant, material or admissible evidence and hereby preserve all objections to the admissibility of documents produced in response to these Requests at any hearing or trial.

2.      Defendants generally object to these Requests to the extent they could be construed to seek documents or other information protected by the attorney-client privilege and/or the attorney work product doctrine.

3.      Defendant's responses and objections are based on the information currently available. If additional information becomes available, Respondents will supplement, and Respondents reserve the right to assert additional objections as may be appropriate based on the additional information.

4.      Defendant generally object to these Requests to the extent they are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous, over broad, unduly burdensome, or fail to identify documents sought with reasonable particularity in light of the issues in this case.

5.      By responding to all or any part of any Request, Defendant expressly reserve their general and specific objections to that Request.

6.      Defendant generally object to these Requests to the extent they seek the disclosure of confidential company information and/or personal information related to individuals who are not parties to this proceeding.  Therefore, Defendants will only produce documents in response to such requests with the entry of an agreed protective order.

7.      Defendant generally object to the Interrogatories to the extent they purport to alter, amend or expand the requirements of the Federal Rules of Civil Procedure.

8.      Responses are based on information currently available.  If additional information becomes available, Defendant will supplement in accordance with the Rules of Civil Procedure and Defendants reserve the right to assert additional objections as may be appropriate for additional information.

9.      Defendant generally object to the extent Plaintiff seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous, overly broad and/or unduly burdensome in light of the issues presented in this case.

## RESPONSE TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  SPICY DAUGX employs over 20 or more employees.

Response:  Deny

**REQUEST FOR ADMISSION NO. 2:**  Plaintiff Christian Hill was employed by Spicy Daugx Operators Louisiana, LLC.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 3:**  Plaintiff Christian Hill was employed by BNR Production Partners, LLC.

   Response:  Admit

**REQUEST FOR ADMISSION NO. 4:**  Defendant hired Plaintiff Christian Hill on March 14, 2023.

   Response:  Deny

**REQUEST FOR ADMISSION NO. 5:**  Defendant employed Plaintiff Christian Hill as a floor-hand.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 6:**  Defendant paid Plaintiff Christian Hill $15.00 per hour.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 7:**  Defendant employed Jacob Stevens as a floor-hand.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 8:**  Jacob Stevens was paid an hourly rate of $16.00 per hour.

Response:  Defendant is without knowledge of the averments in Request for Admission No. 8 and therefore denies the averments contained in Request for Admission No. 8.

**REQUEST FOR ADMISSION NO. 9:**  Defendant employed Dakota Blizzard.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 10:**  Dakota Blizzard worked as an operator for Defendant.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 11:** Dakota Blizzard had the authority to fire or replace floor-hands on his work crew.

Response:  Spicy Daugx is without knowledge of the averments contained in Request No. 11 and therefore denies the averment.

**REQUEST FOR ADMISSION NO. 12:**  On Wednesday, May 17, 2023, Plaintiff Christian Hill suffered an on-the-job injury.

Response:  Defendant is without information to admit or deny Request No. 12 and therefore responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 13:**  Plaintiff Christian Hill's injury was caused by Dakota Blizzard's failure to supervise the operation of a rig.

Response:  Defendant is without information to admit or deny Request No. 12 and therefore responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 14:**  On Wednesday, May 17, 2023, Dakota Blizzard was high from smoking marijuana on the job.

Response:  Defendant is without information to admit or deny Request No. 12 and therefore responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 15:**  On Wednesday, May 17, 2023, Dakota Blizzard instructed Plaintiff Christian Hill to go home.

Response:  Defendant is without information to admit or deny Request No. 12 and therefore responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 16:**  The next day, May 18, 2023, Plaintiff Christian Hill notified Dakota Blizzard that he was in pain and agreed with Dakota's advice to remain home to recover.

**Response:** Defendant is without information to admit or deny Request No. 12 and therefore responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 17:** On Thursday May 18, 2023, Dakota Boles joined the work crew with Dakota Blizzard and Jacob Stevens.

Response: Defendant is without information to admit or deny Request No. 12 and therefore responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 18:** Defendant replaced Plaintiff Christian Hill on the crew with Dakota Boles.

Response: Deny.

**REQUEST FOR ADMISSION NO. 19:** Dakota Boles is a white man.

Response: Defendant is without information to admit or deny Request No. 12 and therefore responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 20:** Dakota Blizzard told Jacob Steven that he intended to permanently replace Plaintiff Christian Hill on the work crew with Dakota Boles.

Response: Defendant is without information to admit or deny Request No. 12 and therefore responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 21:** Dakota Blizzard told Jacob Stevens that he intended to terminate Plaintiff Christian Hill's employment.

Response: Defendant is without information to admit or deny Request No. 12 and therefore responds as follows: Deny.

**<u>REQUEST FOR ADMISSION NO. 22:</u>** Dakota Blizzard told Jacob Stevens that he did not intend to inform Plaintiff Christian Hill that his employment was terminated.

Response: Defendant is without information to admit or deny the averment and therefore denies Request for Admission No. 22.

**<u>REQUEST FOR ADMISSION NO. 23:</u>** Dakota Blizzard told Jacob Stevens that he intended to terminate Plaintiff Christian Hill by making it appear that Mr. Hill had not shown up for work.

Response: Defendant is without information to admit or deny Request No. 12 and therefore responds as follows: Deny.

**<u>REQUEST FOR ADMISSION NO. 24:</u>** On Friday, May 19, 2023, Plaintiff Christian Hill made a complaint against Dakota Blizzard.

Response: Defendant is without information to admit or deny Request No. 12 and therefore responds as follows: Deny.

**<u>REQUEST FOR ADMISSION NO. 25:</u>** On Friday, May 19, 2023, Defendant instructed Plaintiff Christian Hill to work with a different crew.

Response: Defendant is without information to admit or deny Request No. 12 and therefore responds as follows: Deny.

Defendant is without information to admit or deny Request No. 12 and therefore responds as follows: Deny.

**<u>REQUEST FOR ADMISSION NO. 26:</u>** On Friday, May 19, 2023, Randy Hall instructed Christian Hill and Jacob Stevens to work with a different work crew.

Response: Deny.

**<u>REQUEST FOR ADMISSION NO. 27:</u>** On Friday, May 19, 2023, Jackie Rogers instructed Christian Hill and Jacob Stevens to work with a different work crew.

Response: Defendant is without information to admit or deny Request No. 12 and therefore

responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 28:** On Friday May 19, 2023, Defendant terminated

Plaintiff Christian Hill's employment.

Response: Deny.

**REQUEST FOR ADMISSION NO. 29:** Dakota Blizzard made the decision to terminate Plaintiff

Christian Hill's employment.

**Response:** Defendant is without information to admit or deny Request No. 12 and therefore

responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 30:** Randy Hall was aware that Dakota Blizzard terminated

Plaintiff Christian Hill's employment.

Response: Defendant is without information to admit or deny Request No. 12 and therefore

responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 31:** On June 28, 2023, Dakota Blizzard was employed by

Defendant.

Response: Defendant is without information to admit or deny Request No. 12 and therefore

responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 32:** Defendant terminated Dakota Blizzard's employment

on or after July 3, 2023.

Response: Deny.

**REQUEST FOR ADMISSION NO. 33:** Employees clock-in and clock-out by inserting a paper

time-card into a physical punch-clock.

Response:   Deny.

**REQUEST FOR ADMISSION NO. 34:**  Defendant maintains possession of the paper time-card with the stamped clock-in and clock-out times.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 35:**  In a November 13, 2023 Position Statement to the EEOC Investigator, Defendant represented that, "Spicy Daugx hired Mr. Hill…"

Response:  Deny.

**REQUEST FOR ADMISSION NO. 36:**  On May 3, 2024, the EEOC issued a Right to Sue letter.

Response:  Defendant is without information to admit or deny Request No. 12 and therefore responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 37:**  Defendant failed to properly pay overtime compensation to Plaintiff Christian Hill.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 38:**  Defendant drug-tested Dakota Blizzard.

Response:  Deny.

.**REQUEST FOR ADMISSION NO. 39:**  Defendant did not drug-test Dakota Blizzard.

Response:  Defendant objects to the extent that the Defendant is defined to include multiple companies.  However, Defendant Spicy Daugx admits it did not drug test Dakota Blizzard as he was not an employee of Spicy Daugx.

**REQUEST FOR ADMISSION NO. 40:** Defendant made a report to law enforcement regarding Plaintiff Christian Hill.

Response:  Deny.

**REQUEST FOR ADMISSION NO. 41:**  Defendant did not make a report to law enforcement regarding Plaintiff Christian Hill.

Response:  Defendant objects to the extent that the Defendant is defined to include multiple companies, many of which are not related to this lawsuit and did not employ Hill.   Defendant further objects in that the Request is not limited in time.  Subject to and without waiving the aforestated objections, Defendant Spicy Daugx admits it did not make a report to law enforcement regarding Plaintiff Christian Hill.


## INTERROGATORIES

**INTERROGATORY NO. 1** Identify each person who participated in answering these requests for admission, interrogatories, and requests for production of documents, and describe the nature of their participation.

Response:  Susan Luccous assisted with answer the admissions, interrogatories and requests for production. Ms. Luccous has personal knowledge of relevant facts.

**INTERROGATORY NO. 2:** For each Request for Admission that you did not admit, explain your reason for not admitting.

Response:  Defendant objects to this request in that it is actually multiple Interrogatories and is vague and ambiguous ( ex. Did not identify a particular employer, employee or date), and calls for legal conclusions.  Subject to and without waiving the aforetated objections, Spicy Daugx has no employees and should not be in this lawsuit.  Spicy Daugx did not admit Requests for admissions that were untrue, called for legal conclusions, and/or were written in a way that did not allow for an admission or denial.

**INTERROGATORY NO. 4:**

Identify all employees in Louisiana from 2020 through present, their job title, race, age, wage, and whether they are still employed by Defendant or their reason for leaving.

Response:  None.

**INTERROGATORY NO. 5:**

Describe all facts supporting Defendant's contention in the November 13, 2023 Position Statement to the EEOC that, "Mr. Hill was aware that his performance and attendance were poor and that his job could be in jeopardy."

Response:  Spicy Daugx objects in that Plaintiff has improperly named Spicy Daugx as a Defendant.  Spicy Daugx has no knowledge of any of the allegations in this Interrogatory.

**INTERROGATORY NO. 6:**

Identify all employees responsible for the decision to terminate Plaintiff Christian Hill's employment.

Response:  Spicy Daugx has no knowledge of the employees responsible for the decision to terminate Plaintiff Christian Hill.

**INTERROGATORY NO: 7:**  Identify all Defendant's sources of income, and the amounts thereof.

Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information, is not limited to time and scope.  Furthermore, the request seeks trade secrets and confidential business information.   Furthermore, Defendant objects to the Definition of Defendant which is overbroad and includes companies that are unrelated to Plaintiff's claims and

are not likely to lead to relevant and/or admissible evidence.  Further, Defendant objects in that the request is designed to harass Defendant in violation of the Federal Rules of Civil Procedure.

**INTERROGATORY NO: 8:** Detail all Defendant's assets (including financial assets, real property, moveable property, ownership interests in businesses, etc.) and income from January 1, 2020 to the present.

Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information that is unrelated to the claims and defenses in this case, is not limited to time and scope.  Furthermore, Defendant objects to the Definition of Defendant which is overbroad and includes numerous companies that are unrelated to Plaintiff's claims and are not likely to lead to relevant and/or admissible evidence.  Further, Defendant objects in that the request is designed to harass Defendant in violation of the Federal Rules of Civil Procedure.  Spicy Daugx was not Christian Hill's employer and was not involved in any allegations in this lawsuit.

**INTERROGATORY NO: 9:** Describe your net worth for fiscal years 2020, 2021, 2022, and 2023.

Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information that is not rlevant to any claim or defense in this pnmatter,  Further, the request seeks confidential business information.  , is not limited to time and scope.  Furthermore, Defendant objects to the Definition of "your"  is overbroad and includes companies that are unrelated to Plaintiff's claims and are not likely to lead to relevant and/or admissible evidence. Further, Defendant objects in that the request is designed to harass Defendant in violation of the Federal Rules of Civil Procedure.  Spicy Daugx was not Christian Hill's employer and was not involved in any allegations in this lawsuit.

**INTERROGATORY NO 10:** Identify all bank accounts owned or controlled by Defendant, or that Defendant has access to.

Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information that is not related to any claim or defense in this case, is not limited to time and scope.  Furthermore, Defendant objects to the Definition of Defendant which is overbroad and includes companies that are unrelated to Plaintiff's claims and are not likely to lead to relevant and/or admissible evidence.  Further, Defendant objects in that the request is designed to harass Defendant in violation of the Federal Rules of Civil Procedure.  Defendant further objects in that it seeks confidential business information. Spicy Daugx was not Christian Hill's employer and was not involved in any allegations in this lawsuit.

**INTERROGATORY NO: 11:** Identify the relationship between BNR Production Partners, LLC's and Spicy Daugx Operators Louisiana, LLC, and any percent ownership interest one has in the other.

Response:  Objections:  Defendant objects in that the request is vague, ambiguous, overburdensome, seeks irrelevant information, is not limited to time and scope.   Subject to and without waiving the aforestated objections, Defendant responds as follows:

BNR Production Partners and Spicy Daugx Operators Louisiana, LLC are separate companies.

**INTERROGATORY NO: 12:** Please set forth the factual basis for each of the affirmative defenses you may raise.

Objections:  Spicy Daugx is not Plaintiff's employer and has no employees.  Spicy Daugx is not a proper party to this lawsuit.

**INTERROGATORY NO: 13:** Identify all job positions of your employees that you contend are

exempt from overtime pay under the FLSA.

1. Identify all employees of yours, from January 1, 2023 to the present that you contend are exempt from overtime pay under the FLSA.

2. Identify all of your employees, from January 2023 to the present, whose pay has been subject to reduction because of variations in the quality or quantity of work.

3. Identify all of your 1) hourly employees, and 2) salaried employees, from January 2023 to the present. In identifying those salaried employees, please identify that employees' annual salary for each year from 2023 to the present.

4. Identify and describe all oral and written overtime practices, procedures, customs, and/or policies from 2023 to the present, including all changes and/or amendments to these practices, procedures, customs, and/or policies, and the dates of any purported changes.

Objections:  Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for pure legal conclusions, invades the attorney-client privilege, is actually five separate interrogatories. Subject to and without waiving the aforestated objections, Spicy Daugx has no exempt employees under the FLSA.

**INTERROGATORY NO: 14** Describe who creates, implements, and/or changes, your corporate policies, procedures, and/or practices applicable to Plaintiff Christian Hill regarding the following (in your response, please include the process, persons, and/or personnel responsible for communicating and overseeing these policies, procedures, and/or practices):

1. employment agreements,

2. wages (including all shift differentials and overtime and calculation of same),

3. recording all hours worked,

4. meal breaks (including automatic deductions and monitoring, recording, confirming, discouraging, and/or compensating interrupted meal breaks),

5. bonuses,

6. incentive pay (i.e. picking up shifts, recommending new hires, or otherwise),

7. 401k matches,

8. ERISA,

9. termination,

10. employees filing any concerns or complaints regarding any of the above, and

11. company investigation of workplace violations.

For example, your response might include the corporate administrator(s) or office(s) or officer(s) creating a policy, then communicating and/or involving certain director(s) with the creation and/or communication of that policy, who then communicates and/or involves implementation of said policy to a certain facility (or more specific unit in a facility, or perhaps it is a system-wide policy), and who describes the policy those directors, managers, or otherwise in that unit or facility that communicates, oversees, or even redefines/alters those policies to the specific Plaintiff.

Objections:  Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for pure legal conclusions, invades the attorney-client privilege, is actually twelve separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further objects in that this request seeks confidential information regarding its employees.  Defendant further requests that due to the definition of you calls for information regarding employees of companies that are irrelevant to this lawsuit and unlikely to lead to admissible information.  Defendant further objects in that this request has no legitimate purpose and is designed solely to harass defendant and its employees.

Plaintiff has exceeded the number of Interrogatories allowed under the Federal Rules of Civil

Procedure.  Subject to and without waiving the aforestated objections:

Not applicable.

**INTERROGATORY NO 15:**  Please describe any and all complaints you have received from

2015 through present regarding:

(1) pay, compensation, failure to properly compensate employees, or pay overtime

compensation; (2) racial discrimination, racial harassment, use of racial slurs, or any complaints

made by Black employees; and (3) Dakota Blizzard.


Objections:  Defendant objects to this Request in that Plaintiff has exceeded the number of

Interrogatories allowed under the FRCP.  Plaintiff has exceeded the number of Interrogatories

allowed under the Federal Rules of Civil Procedure.

Subject to and without waiving the aforestated objections, Defendant Spicy Daugx responds as follows:

None.

In your answer please be sure to identify and describe any system(s) for lodging such complaints and where they are stored. Please include the date(s) such conversation(s) or communication(s) took place, any witness(es) that were present to those conversations or communications, a description of the substance of those communications or conversations, and the resulting action that took place.

Objections:  Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for legal conclusions, invades the attorney-client privilege, is actually twelve separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further objects in that this request seeks confidential information regarding its employees.  Defendant further requests that due to the definition of you calls for information regarding employees of companies that are irrelevant to this lawsuit and unlikely to lead to admissible information.  Defendant further objects in that this request has no legitimate purpose and is designed solely to harass defendant and its employees. Plaintiff has exceeded the number of Interrogatories allowed under the Federal Rules of Civil Procedure, including subparts.

Subject to and without waiving the aforestated objections, Defendant responds as follows: Other than this lawsuit, None.

**INTERROGATORY NO 16:**

Please identify the individual(s) or employee(s) responsible for computing the weekly wages due to and/or paid to Plaintiff Christian Hill, any payroll systems used, as well as the amount of any employee benefit plan for which Plaintiff was eligible during their employment with Defendant.

Objections:  Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for legal conclusions, invades the attorney-client privilege, is actually twelve separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further objects in that this request seeks confidential information regarding its employees.  Defendant further requests that due to the definition of you calls for information regarding employees of companies that are irrelevant to this lawsuit and unlikely to lead to admissible information.  Defendant further objects in that this request has no legitimate purpose and is designed solely to harass defendant and its employees. Plaintiff has exceeded the number of Interrogatories allowed under the Federal Rules of Civil Procedure, including subparts.  Subject to and without waiving the aforestated objections, Defendant responds as follows:

Not applicable.

## **INTERROGATORY No. 17:**

Identify any other Black employees at the time of Christian Hill's employment.[1]

Response:  Defendant objects in that Plaintiff has exceeded the number of Interrogatories allowed under the FRCP. Defendant objects to this Request in that it is vague ambiguous, overbroad, calls for legal conclusions, invades the attorney-client privilege, is actually twelve separate interrogatories, and asks Defendant to marshall its evidence.  Defendant further objects in that the definition of you is overbroad and includes companies unrelated to this lawsuit. Defendant further objects in that this request has no legitimate purpose and is designed solely to harass defendant and its employees. Plaintiff has exceeded the number of Interrogatories allowed under the Federal Rules of Civil Procedure, including subparts. Subject to and without waiving the aforestated objections, Defendant responds as follows:

Spicy Daugx does not have any employees.

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

If your response to any Request for Admission is less than an unequivocal admission, produce all documents supporting your response.

Objections:  Defendant objects to this Request in that it is vague, ambiguous regarding determination of whether an admission is unequivocal, overburdensome, calls for the marshalling of evidence, seeks information protected by the Attorney-Client privilege. Further, the request requires attorney-work product and legal conclusions.

### REQUEST FOR PRODUCTION NO. 2:

Produce all documents comprising the entire personnel files of Plaintiff Christian Hill, Jacob Stevens, Dakota Blizzard, and Dakota Boles.

Response: Spicy Daugx does not possess a personnel file for the above individuals.

### REQUEST FOR PRODUCTION NO. 3:

Produce all documents comprising the entire payroll files of Plaintiff Christian Hill, Jacob Stevens, and Dakota Boles, including scans of paper time cards.

Response:  None.

### REQUEST FOR PRODUCTION NO. 4:

Produce any and all versions of Defendant's employee handbook and/or employee manual that were in effect during Plaintiff's employment.

Response:  None.

### REQUEST FOR PRODUCTION NO. 5:

Produce any and all policies and procedures relating to racial discrimination and harassment.

Response:  None.

**REQUEST FOR PRODUCTION NO. 6:**

Produce the job description for floor-hand.

Response:  None.

**REQUEST FOR PRODUCTION NO. 7:**

Produce the job description for operator.

Response:  None.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents, including but not limited to email and other internal correspondence, relating to Christian Hill, Jacob Stevens, or Dakota Blizzard from March 1, 2023 through present.

Response:  None.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents consisting of complaints, grievances, charges, etc., brought by any employee during the past five years in which he or she complained of harassment, hostile work environment, racial discrimination, unsafe work environment, or retaliation.

Response:  None.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents consisting of complaints, grievances, charges, etc., brought by any employee during the past five years in which he or she complained of issues regarding pay,

compensation, failure to properly compensate employees, or pay overtime compensation.

Response:  None.

## REQUEST FOR PRODUCTION NO: 11:

Produce all emails and text messages from March 1, 2023 to the present containing the following non-case-sensitive keyword phrases:

- "Christian" OR "Hill"

- "Dakota" OR "Blizzard" OR "Boles"

- "Jacob" OR "Stevens"

- "n-word" OR "n word" OR "nigger" OR "pussy"

Response:  Not applicable.

## REQUEST FOR PRODUCTION NO. 12:

Produce all documents related to any training of any employee, manager, or executive regarding racial discrimination or harassment.

Response:  None.

## REQUEST FOR PRODUCTION NO. 13:

Produce an unredacted copy of all information Defendant submitted to the EEOC in response to Mr. Hill's claim.

Response:  None.

## REQUEST FOR PRODUCTION NO. 14:

Produce all text messages and emails from March 1, 2023 to present in the possession of employees Randy Hall, Rayne Hall, Susan Luccous, Jackie Rodgers that were sent to or from Christian Hill, Jacob Stevens, or Dakota Blizzard.

Response:  Defendant Spicy Daugx has no responsive documents in its custody, possession, or control.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all emails and text messages from March 1, 2023 to present that were sent between any of the following employees regarding Christian Hill, Jacob Stevens, or Dakota Blizzard: Randy Hall, Rayne Hall, Susan Luccous, Jackie Rodgers.

Response:  Defendant Spicy Daugx has no responsive documents in its custody, possession, or control.

**REQUEST FOR PRODUCTION NO. 16:**

Produce a copy of any documents related to Defendant's investigations into Mr. Hill's complaints.

Response:  None.

**REQUEST FOR PRODUCTION NO. 17:**

Produce a copy of any documents, records, or emails related to any drug test of Dakota Blizzard.

Response:  None.

**REQUEST FOR PRODUCTION NO. 18:**

All employee handbooks, company policy manuals, and/or personnel manuals in effect from January 1, 2020 to the present.

Response:  None.

**REQUEST FOR PRODUCTION NO. 19:**

All policies regarding overtime, including handbooks, manuals, written procedures and policies, emails, and memoranda.

Response:  None.

**REQUEST FOR PRODUCTION NO. 20:**

All payroll records for Defendant from January 1, 2020 to the present, including but not limited to the pay received by Plaintiff Christian Hill on a weekly basis and/or any compensation made to Plaintiff Christian Hill by either cash, check, or any other form of payment.

Response:  None.

**REQUEST FOR PRODUCTION NO. 21:**

All time records, time cards, time sheets or other documents identifying or describing the hours worked by employees each week from January 1, 2020 to the present. This request includes but is not limited to any attendance sheets, all work or shift schedules, any time entered into Defendant's time keeping system (both written and electronic), any time kept by an office manager or supervisor, or other documents identifying or describing the hours worked.

Response:  None.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce a copy of all contracts for work on which Plaintiff Christian Hill was employed.

Response:  None.

**REQUEST FOR PRODUCTION NO. 23:**

All Defendant's tax returns for all years 2020 to the present.

Response:  Defendant objects to this request in that it is vague ambiguous and overbroad in that it seeks information from not just BNR, but from numerous companies unrelated to this matter and the claims contained in this lawsuit. Defendant further objects as it seeks information that is irrelevant to Plaintiff's claims and is designed as seeking information that is beyond the time scope of this lawsuit. Further, the request is overbroad in that Plaintiff only worked for the BNR for a short period of time and never worked for Spicy Daugx  and the matters sought are disproportionate in light of the factors enumerated in the Federal Rules of Civil Procedure.  Defendant further objects in that the request seeks confidential business information and trade secrets.

## **REQUEST FOR PRODUCTION NO. 24:**

All documents reflecting a summary of all Defendant's assets and liabilities, in any of the years 2020 to the present.

Response:  Defendant objects to this request in that it is vague ambiguous and overbroad in that it seeks information from numerous companies unrelated to this matter and the claims contained in this lawsuit. Defendant further objects as it seeks information that is irrelevant to Plaintiff's claims and is designed as seeking information that is beyond the time scope of this lawsuit in that Plaintiff never worked for Spicy Daugx and the matters sought are disproportionate in light of the factors enumerated in the Federal Rules of Civil Procedure.  Further, the request seeks confidential information and trade secrets.

## **REQUEST FOR PRODUCTION NO. 25:**

All documents reflecting Defendant's net worth, in any of the years 2020 to the present.

Response:  Defendant objects to this request in that it is vague ambiguous and overbroad in that it seeks information from from numerous companies unrelated to this matter and the claims contained in this lawsuit. Defendant further objects as it seeks information that is irrelevant to Plaintiff's claims and is designed as seeking information that is beyond the time scope of this lawsuit in that Plaintiff never worked for Spicy Daugx and the matters sought are disproportionate in light of the factors enumerated in the Federal Rules of Civil Procedure.  Further the information is entirely unrelated to the claims and defenses in this case and is thus beyond the scope of discovery.

## REQUEST FOR PRODUCTION NO. 26:

All documents, including audio and video recordings, provided to any law enforcement agency regarding Plaintiff Christian Hill.

Response:  None.

## REQUEST FOR PRODUCTION NO. 27:

All correspondence with any law enforcement agency regarding Plaintiff Christian Hill.

Response:  None. REQUEST FOR PRODUCTION NO. 28:

All photographs, films, videotapes, or audio recordings of Plaintiff Christian Hill, Jacob Stevens, or Dakota Blizzard, which are in Defendants' possession, custody or control.

Response.  None.

**REQUEST FOR PRODUCTION NO. 29:**

All emails and text messages of Randy Hall, Rayne Hall, Susan Luccous, or Jackie Rodgers containing the terms "overtime" or "over 40" or "over forty" or "more than 40" or "more than forty" or "time and a half" or "salary."

Response:  Defendant has no responsive documents in its possession, custody,  or control. Defendant objects to this request as overbroad and in that it is not limited to time or scope. Defendant further objects to the extent that it requests information protected by the attorney-client privilege.  Defendant further objects to the extent Plaintiffs seek information that is not in Defendants custody possession or control.    Subject to and without waiving the aforestated objections, Defendant does not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

All electronic communications, including e-mails, text messages, and other electronic messages concerning Plaintiff Christian Hill, Plaintiffs' time worked, time keeping, time cards, time sheets, time worked, overtime, overtime policies, calculation of overtime, Plaintiff 's pay, and Plaintiff's job duties or responsibilities.

Response:  Defendant objects to the extent the Request calls for information protected by the Attorney-Client Privilege.  Subject to and without waiving the aforestated objections, Defendant has no responsive documents in its possession custody or control.

**REQUEST FOR PRODUCTION NO. 31:**

All job descriptions or other documents identifying or describing job duties from January 1, 2020 to the present.

Response:   Defendant objects to this request in that it is vague and overbroad in that it does not identify which company it seeks information from, which jobs it seeks descriptions of and exceeds the relevant timeperiod.  Subject and without waiving the aforestated objections, Defendant does not have any relevant documents.

**REQUEST FOR PRODUCTION NO. 32**

All documents reflecting, indicating or relating to any statements taken or received by Defendant, its attorneys or representatives, from any person who has information or knowledge relating to the events alleged in Plaintiff's complaint.

Response: Defendant objects to this request to the extent that it is vague, ambiguous, and overbroad in that it is impossible to ascertain the information that Plaintiff seeks. Defendant further objects to the extent the Request seeks information protected by the attorney-client privilege.  Subject to and without waiving the aforestated objections, Defendant repsonds as follows:  Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 33:**

All documents, including but not limited to e-mails, concerning claims of any employee regarding Defendant's failure to properly pay wages and/or overtime wages.

Response:  None.

**REQUEST FOR PRODUCTION NO. 34:**

All documents prepared for government agencies (e.g. Internal Revenue Service, Immigration

Customs Enforcement, Department of Labor, Equal Employment Opportunity Commission, etc.)

demonstrating the employment and compensation of Plaintiff Christian Hill if any such documents

exist.

Response:  None.

**REQUEST FOR PRODUCTION NO. 35:**

All lists of Defendant's employees from January 1, 2020 to the present.


Response:  None.


**REQUEST FOR PRODUCTION NO. 36:**


All correspondence, including emails and text messages, between Dakota Blizzard and any of the

following: Randy Hall, Rayne Hall, Susan Luccous, or Jackie Rodgers.


Response:  Defendant objects to this Request as overburdensome in that it seeks all

communications between the stated individuals, regardless of timing, or topic. Most of the

correspondence, emails and texts would entirely unrelated to the allegations contained in this

lawsuit. Defendant further objects in that the information requested is not in Defendant's custody

or control.  Defendant further objects to the extend some of the information is protected by the

attorney-client and work product privileges.  Subject to and without waiving the aforestated

objections, Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 37:**


All documents that identify, describe, or relate to any claim that Defendant's method of

compensating Plaintiff was performed with a good faith, reasonable belief that Defendant was

complying  with  the  Fair  Labor  Standards  Act  relating  to  minimum  wage  and  overtime

compensation.

Response:  Defendant objects to this request in that it is overbroad in that it is not limited in time or geographic area. to the extent it seeks information protected by the attorney-client privilege. Subject to and without waiving the aforestated objection, Defendant did not employ Christian Hill and has no responsive documents.

## REQUEST FOR PRODUCTION NO. 38:

All documents obtained as a result of releases and/or subpoenas relating to this case.

Response:  None.

## REQUEST FOR PRODUCTION NO. 39:

All documents related to Defendants' affirmative defenses and/or which Defendants believe support any of its affirmative defenses.

Response:  Defendant objects to this request in that the request is vague and overbroad in that it is impossible to ascertain which information Plaintiff seeks.  Defendant further objects to the extent that it requires legal analysis that is protected by the attorney-client privilege.  Subject to and without waiving the aforestated objections, Defendant has no documents related to any employment relationship with Christian Hill because Spicy Daugx had no relaltionship with Mr. Hill.

## REQUEST FOR PRODUCTION NO. 40:

All documents reflecting evidence of ownership, control, or management of Defendant.

Response:  Defendant objects to this request in that the request is vague and ambiguous in that it is

unclear what documents Plaintiff seeks, is overbroad as it is not limited to time or scope, and it is impossible to ascertain what Plaintiff means by all documents reflecting management of Defendant.

## REQUEST FOR PRODUCTION NO. 41:

All form W-2s or 1099s prepared for Plaintiff Christian Hill by Defendant and/or its agents or accountants.

Response:  None.

## REQUEST FOR PRODUCTION NO. 42:

All documents reflecting the number of employees of Defendant, including government report forms reflecting the number of employees.

Response:  None.

## REQUEST FOR PRODUCTION NO. 43:

Any documented work schedules reflecting when Plaintiff Christian Hill worked for Defendant from March 1, 2023 to the present.

Response:  None.

## REQUEST FOR PRODUCTION NO. 44:

Any documented work schedules reflecting when Dakota Boles worked for Defendant.

Response:  None.

## **REQUEST FOR PRODUCTION NO. 45:**

Any documented work schedules reflecting when Jacob Stevens worked for Defendant.

Response:  None.

## **REQUEST FOR PRODUCTION NO. 46:**

Any documented work schedules reflecting when Dakota Blizzard worked for Defendant.

Response:  None.

## **REQUEST FOR PRODUCTION NO. 47:**

If Defendant claims that it relied upon any opinion, ruling, regulation, document, or interpretation
or decision of any kind issued, promulgated, or drafted by the United States Department of Labor
as a basis for its failure to pay Plaintiffs minimum wage or overtime compensation or as a basis
for claiming that it has paid Plaintiffs overtime compensation, please produce all such documents.

Response:  Not applicable.

## **REQUEST FOR PRODUCTION NO. 48:**

With respect to any audits, reconciliations, reviews, or investigations by the U.S. Department of
Labor, Wage and Hour Division, on or after 2019 of any Defendant or any entity owned in whole

or in part by Defendant, produce all correspondence, reports, schedules, work papers, opinions and other documents that relate to or pertain to said inquiry by the DOL of Defendants' compensation policies.

Response:  Not applicable.

## REQUEST FOR PRODUCTION NO. 49:

With respect to any lawsuits filed against any Defendant on or after 2019 relating to the payment of overtime compensation, produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

Response:  None.

## REQUEST FOR PRODUCTION NO. 50:

Any and all documents identifying retroactive payment of wages or compensation under the supervision of the administrator of the Wage and Hour Division, U.S. Department of Labor, including the amount of such payment to each employee, the period covered by such employment, the date of the payment, and the name(s) of the employee(s) to whom such payment was made.

Response:  None.

## REQUEST FOR PRODUCTION NO. 51:

Defendant's policies/procedures (and any evidence thereof, including any evidence contained in any company manual, policy book, orientation program, and/or online website or portal, or in any other storage mechanism), regarding Defendant's wage and hour pay policies, procedures and practices, including payroll practice guidelines, record keeping guidelines, directives, memoranda or other documents to supervisors or other managerial personnel regarding the

number of hours worked by Defendant's employees employed in a similar capacity, Defendant's practices with respect to the payment of overtime compensation to employees such as Plaintiff Christian Hill, and the policies and practices of the Defendant relating to maintenance of records of hours worked by employees similarly situated to Plaintiff Christian Hill.

Response:  None.

### REQUEST FOR PRODUCTION NO. 52:

Any records or documents of any kind (including video, audio or other digital tapes) that may establish when and how many hours (and what hours on each particular day) Plaintiff Christian Hill performed work for Defendant from March 2023 through May 2023, and whether Plaintiff was compensated properly or not for all such hours.

Response:  None.

### REQUEST FOR PRODUCTION NO. 53:

All documents that evidence the terms and conditions of Plaintiff's employment with Defendant, including any written contracts and/or agreements of any nature between Plaintiff and Defendant and all company and personnel manuals, employee handbooks, and memos that Defendant provided to Plaintiff.

Response:  None, since Plaintiff was not employed by Defendant Spicy Daugx.

### REQUEST FOR PRODUCTION NO. 54:

Any and all indexes, matrixes, scales, schematics, charts, ratios, analysis, records, emails, text messages, logs, data files, calendar notes, correspondence or other documents relating to Defendant's budgeted  policies, plans, practices and/or schemes (including those for certain

units, facilities, or otherwise).

Response:  Defendant objects to this Request in that it is vague and ambiguous in that it is unclear what Plaintiff means by "related to Defendant's budgeted policies, plans, practices and/or schemes," or units or otherwise.  Defendant further objects in that the Request is not limited to time or scope.  Subject to and without waiving the aforestated objections, Defendant does not have any documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 55:

Any and all documents Defendant intends to use in defense of Plaintiff's claims in the Complaint.

Response:  Defendants object to this request in that it is vague and ambiguous in that it is impossible to identify the information that Plaintiff seeks and the request violates attorney-client privilege by requesting that Defendant marshall its evidences and defenses.  The request further calls for legal conclusions and speculation in that it is too early in the case to determine the answer to this question.

## REQUEST FOR PRODUCTION NO. 56:

Any and all documents Defendant relied upon as a basis for responding to Plaintiff's Interrogatories to Defendant.

Response:  Not applicable.

## REQUEST FOR PRODUCTION NO. 57:

All documents evidencing the reporting of Plaintiff's earnings to all third parties, which shall include, but shall not be limited to, insurance carriers, insurance agents and/or representatives, federal, state and local taxing authorities and the Louisiana Unemployment Compensation Fund.

Response:  Defendant objects to this Request in that it is overburdensome as it is unlimited unlimited as to time and scope, does not identify all "third parties" it is referring to. Further, Plintiff was not employed by Spicy Daugx so the request seeks confidential business information and does not seek any information relevant to this case.

## REQUEST FOR PRODUCTION NO. 58:

To the extent that any part of the remuneration and/or compensation paid to Plaintiff was not reflected in Plaintiff's pay check, produce all documents evidencing the amount, date and nature and purpose of all such payments.

Response:  None.  The plaintiff did not work for Spicy Daugx and, therefore, did not receive a paycheck or remuneration from Spicy Daugx.

## REQUEST FOR PRODUCTION NO. 59

If Defendant claims that he relied on an attorney's opinion indicating that his pay policy at issue in this case was FLSA compliant, please provide all notes, documents, writing and/or correspondence, wherein Defendant discussed the pay policy at issue with their attorney(s), prior to the commencement of the instant lawsuit.

Response:  Defendant objects to the hypothetical contained in this request in that it is not based on facts.  Defendants further object to the extent it seeks information protected by the attorney client privilege.  Subject to and without waiving the objections, Defendants have no responsive documents.

## REQUEST FOR PRODUCTION NO. 60:

If Defendant claims that it relied on an opinion from the United States Department of Labor, that his pay policy, which is at issue in this case, was FLSA compliant, provide all notes, documents, writings and/or correspondence wherein Defendant discussed the pay policy at issue with its attorney(s) before the commencement of the instant.

Response:  Defendant objects to the hypothetical contained in this request in that it is not based on facts.  Defendants further object to the extent it seeks information protected by the attorney client privilege.  Subject to and without waiving the objections, Defendants have no responsive documents.

## REQUEST FOR PRODUCTION NO. 61:

All non-disclosure and all non-disparage agreements signed by any worker who worked for a Defendant.

Response:  None.

REQUEST FOR PRODUCTION NO. 62:

All EEOC charges naming BNR Production Partners, LLC or Spicy Daugx Operators Louisiana, LLC, as a responding party.

Response:  None other than Plaintiff.

**REQUEST FOR PRODUCTION NO. 63:**

All documents related to internal investigations regarding allegations of racial discrimination, racist harassment, and use of racial slurs.

Response:  None.

**REQUEST FOR PRODUCTION NO. 64:**

All documents reflecting reprimands, write-ups, or discipline based on any of Defendant's managers, owners, supervisors or employees engaging in racist harassment.

Response:  None.

**REQUEST FOR PRODUCTION NO. 65:**

All complaints (including resignation letters) complaining of racial discrimination, racist harassment, or hostile work environment.

Response:  None.

**REQUEST FOR PRODUCTION NO. 66:**

Certified copies of any and all policies of insurance issued to Defendant and in effect during any relevant time period from January 1, 2023 through present, including all insurance applications, declarations pages and/or sheets, rejection forms, whether signed or unsigned, and copies of all riders, endorsements, and other related documentation to the policy.

Response:  Defendant objects to this request as seeking information unrelated to the claims and

unduly burdensome as it is not limited to time or scope, and does not identify the Defendant.

Subject to and without waiving the aforestated objections, Defendant Spicy Daugx does not have

insurance related to this case.


Respectfully submitted,


*/s/ Leland G. Horton*
Bradley Murchison
401 Edwards Street, Suite 1000
Shreveport, LA  71101
Telephone:  318-227-1131
Email:  lhorton@bradleyfirm.com

***AND***

*/s/ Jana M. Ferguson*
The Ferguson Firm
4849 Greenville Ave. Ste 100-106
Dallas, Texas  75206
(214) 507-8152
janaf@fcfirm.com


## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a copy of the above and foregoing responses has been served upon all

counsel of record via e-mail, by hand delivery where practicable or by placing a copy of same in

the United States mail, postage paid and properly addressed.

Signed this 13th day of January 2025.


  /s/ Jana M. Ferguson

COUNSEL FOR DEFENDANT

## <u>VERIFICATION</u>

I, Scott Christian, General Counsel of Defendant Spicy Daugx, do verify under penalty of perjury that I believe based on reasonable inquiry that the foregoing Responses to Interrogatories to Spicy Daugx are true and correct to the best of my knowledge, information and belief.


Executed this 13th day of January 2025.

Scott Christianson
General Counsel
Spicy Daugx