UNITED STATES DISTRICT COURT WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CHRISTIAN HILL** § | | |
| § | | |
| **Plaintiff** § | | CIVIL ACTION NO: 5:24−CV−626 |
| § | | |
| v. § | | Judge Jerry Edwards, Jr. |
| § | | Magistrate Judge Hornsby |
| § | | |
| § | | |
| **SPICY DAUGX OPERATORS** § | | **JURY TRIAL DEMANDED** |
| **LOUISIANA, LLC, BNR** § | | |
| **PRODUCTION PARTNERS,** § | | |
| **LLC, XYZ INSURANCE** § | | |
| **COMPANY** | | |

**Defendants**

### DEFENDANTS SPICY DAUGX OPERATORS LOUISIANA, LLC AND BNR PRODUCTION PARTNERS MEMORANDUM IN SUPPORT OF MOTION TO STRIKE CHRISTIAN HILL'S MOTION FOR DISCOVERY SANCTIONS

Defendants Spicy Daugx Operators Louisiana, LLC ("Spicy Daugx") and BNR Production Partners, LLC ("BNR") files this Memorandum Supporting the Motion to Strike Christian Hill's Motion for Discovery Sanctions.

**I.   Introduction**.

LR37.1 Discovery Motions - A motion relative to discovery will not be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party must arrange the conference. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper - including striking

1

the Motion for Sanctions. As established below, Plaintiff has repeatedly and willfully refused to meet and confer with counsel for Defendants. This refusal has wasted the Court's time, caused Defendants to incur unnecessary attorneys' fees, and should result in Plaintiff paying sanctions under the Federal Rules of Civil Procedure and the Local Rules.

**II.    Factual Procedural Background.**

1. On Friday, December 27, 2024, Plaintiff filed its Motion to Compel. Plaintiff did not confer with Defendants or include the required Certificate of Conference. Although Plaintiff's Motion was replete with flagrant falsehoods, Defendants were not given the opportunity to respond.

2. On Monday, December 30, 2024, the Court ordered Defendants to answer discovery within two weeks.

3. In accordance with the Court order, both Defendants timely served Plaintiff's Counsel Hope Phelps with the responsive discovery and documents on January 13, 2025. See Exhibit A.

4. Plaintiff filed a Motion with this Court that incorrectly stated that Defendants had not produced any documents. Defendants objected to the incorrect statement that Plaintiff has not received documents responsive to Plaintiff's Request for Production, as this was false. See Exhibit B.

5. Since being made aware that Plaintiff had questions presumably about Defendants' objections, Defendants repeatedly attempted to meet and confer with Plaintiff.

6. On Monday, April 14, 2025, Counsel for both parties communicated regarding mutually convenient times to discuss any outstanding discovery issues. Defense counsel Ferguson suggested that the two confer on Tuesday, April 14, 2025, at 1:00.



7. Ferguson followed up by sending Phelps a calendar invitation.



8. Phelps did not respond to the calendar invitation, so Ferguson reached out to Phelps to find another mutually convenient time to meet.



9. Ferguson sent another calendar invitation to Phelps for later that same day. Again,

Phelps did not respond to the meeting request.



10. Ferguson emailed Phelps at 5:35 pm and again at 5:47 pm attempting to convince Phelps to participate in the discovery conference. Ferguson stayed on the line for over 20 minutes. At 6:01 pm the same day, Ferguson reiterated the need to confer and again offered to schedule the meeting.



4



11. Plaintiff filed his Motion for Discovery Sanctions, without conferring, the morning of April 16, 2025.

12. Defendants have fully complied with their discovery obligations, the Federal Rules of Civil Procedure, and the Court's Order by fully answering the discovery and providing hundreds of pages of responsive documents.

13. Notably, Defendants do not have documents with the Bates Stamp Numbers upon which Plaintiff is partially basing its Motion. This was simply a technical numbering error and the issue would have been easily resolved with the required conference.

14. Due to the lack of the required conference, neither Defendant knows which Discovery Responses are at issue.

15. Further, given the large document production and the fact that both Defendants fully answered discovery, neither Defendant knows what categories of information are even at issue.

**III.     Rule 37(a) Conferring in Good Faith**

Fed. R. Civ.P. 37(a) requires that the movant has given notice and conferred in good faith with the opposing party regarding the substance of the Motion. The crux of the Rule is to provide notice of the impending Motion to commence a dialogue between the parties regarding the discovery issues in dispute, making it far more likely that the conflict will be resolved amicably, without judicial intervention. Conferring in good faith requires a "genuine attempt to resolve the discovery dispute through non-judicial means. The purpose of requiring parties to confer before seeking court intervention is to preserve judicial resources and ensure the parties are comporting themselves professionally in accordance with the Rules.

Local Rule 37(a) requires Counsel for the moving party to arrange for the conference. However, here, not only did Counsel for the moving party violate the rules by failing to arrange for the conference, but Counsel also failed to respond to Defendant's attempts to arrange for the conference, and then wholly failed to attend.

**IV.     Plaintiff's Sanctions Requests defy both caselaw and the FRCP.**

**1.     Defendants fully complied with the Discovery Order**

Plaintiff's requests for Sanctions are in bad faith because they are based on incorrect statements. As demonstrated by Exhibit A, Defendants timely complied with the Court's Order when it served Plaintiff with its Discovery Responses and Responsive Documents. (Exhibit A). Thus, there is no basis for any sanctions against Defendants.

**2.     Excluding Evidence Regarding Plaintiff's Job Performance.**

Plaintiff's prayer to exclude evidence regarding his poor job performance is in bad faith; Defendants fully complied with the Discovery Order.

6

**3. Prayer to Deny Plaintiff's Motion for Judgment on the Pleadings.**

Plaintiff's prayer that the Court deny Defendants' Motion for Judgment on the Pleadings because of a discovery dispute is equally in bad faith. In determining a motion for judgment on the pleadings, the court must look only to the pleadings, construing such pleadings liberally and accepting all allegations contained therein as true. Thus, a discovery dispute is irrelevant to a Motion for Judgment on the Pleadings. This request itself evidences that Plaintiff recognizes that its pleading is in fact defective and the Court should grant Defendants' pending Motion on the Pleadings.

**4. Requests to exclude evidence that Defendants do not have black employees.**

Plaintiff has no basis to make this request as both Defendants appropriately responded to all Discovery related to this topic. Further, the produced documents establish that Defendant BNR in fact maintained black employees, including Plaintiff's own brother.

**V. PRAYER**

WHEREFORE, DEFENDANTS BNR PRODUCTION PARTNERS AND SPICY DAUGX respectfully pray that the Court grant the following relief:

1) Strike or Deny Plaintiff's Motion in its entirety;

2) Order Plaintiff to confer in good faith in accordance with both the Federal Rules of Civil Procedure and the Western District Local Rules;

3) Award Defendants reasonable expenses and attorneys' fees.

Respectfully submitted,

*/s/ Leland G. Horton*
Bradley Murchison
401 Edwards Street, Suite 1000
Shreveport, LA  71101
Telephone:  (318) 227-1131
Email:  lhorton@bradleyfirm.com

*AND*

*/s/ Jana M. Ferguson*
The Ferguson Firm
4849 Greenville Ave. Ste 100-106
Dallas, Texas 75206
Telephone: (214) 507-8152
Email: janaf@fcfirm.com

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing memorandum in support has been served upon all counsel of record via e-mail, by hand delivery where practicable, or by placing a copy of same in the United States mail, postage paid and properly addressed.

Signed this 30th day of April 2025.

                                              */s/ Leland G. Horton*_____
                                                             OF COUNSEL